CHURCHILL EDWARDS et al., Plaintiffs in Error, *v.* JOHN H. VAN-
DEMACK, Defendant in Error.

### ERROR TO LAKE.

Where there is no bill of exceptions in a case, and neither the summons nor any part of the record, upon a proceeding before a justice of the peace, discloses the nature of the action, this court cannot inquire whether the Circuit Court properly dismissed an appeal or not.

Whenever it is made to appear to the Circuit Court, that an appeal from a justice of the peace is improperly depending before it, it is the duty of that court to dismiss it.

The right of appeal from an inferior to a superior tribunal, for the purpose of obtaining trials *de novo*, is unknown to the common law, and only exists where it is expressly given by statute.

The statutory provision, that "appeals from judgments of justices of the peace to the Circuit Court, shall be granted in all cases, except on judgments confessed," has reference to judgments in civil proceedings, where the action is brought to redress some private injury, and embraces all such cases, whether the jurisdiction is conferred by the same general act, or by other statutes passed either before or since.

Affidavits copied into the transcript by the clerk, form no part of a record, unless they are contained in a bill of exceptions.

THE order dismissing the appeal in this case was entered by H. T. DICKEY, Judge, at the June term, 1851, of the Lake Circuit Court.

The facts of the case are stated in the opinion.

FERRY and SEARLS, for plaintiffs in error.

T. L. DICKEY, for defendant in error.

TRUMBULL, J. This was an action commenced before a justice of the peace, and taken by appeal to the Circuit Court, where, on motion, the appeal was dismissed.

The record presents only one of the questions sought to be raised by the assignment of errors, and that is, the correctness of the decision dismissing the appeal.

The summons issued by the justice is in the usual form, requiring the defendants to answer the complaint of the plaintiff, "for a failure to pay him a certain demand, not exceeding one

hundred dollars." There is no bill of exceptions in the case; and neither the summons, nor any part of the record legitimately before this court, discloses the nature of the action.

The motion in the Circuit Court was, as the record shows, to dismiss the appeal, for want of jurisdiction of said Circuit Court.

There is one class of cases in which an appeal from the judgment of a justice of the peace is expressly prohibited by statute. Rev. Stat. ch. 70, § 45; Yunt *v.* Brown, 1 Scammon, 264.

The record does not show that the judgment appealed from, in this instance, may not have been of this character. If so, of which fact it was competent for the Circuit Court to receive evidence, its decision was clearly right.

It will be observed that it was the appeal, and not the suit, which was dismissed. The provision of the statute, requiring the Circuit Court to dismiss the suit, whenever it is made to appear that the justice had no jurisdiction of the subject-matter of it, has, therefore, no application to this case.

Whenever it is made to appear to the Circuit Court, that an appeal from a justice is improperly depending before it, either because no appeal lies in the particular case, or because it was not taken in time, or for any other cause, except it be one which the appellant is entitled to amend, it is the duty of the court to dismiss it.

The right to appeal causes from an inferior to a superior court, for the purpose of obtaining trials *de novo*, is unknown to the common law, and only exists where it is expressly given by statute. Schooner Constitution *v.* Woodworth, 1 Scam. 511.

The statute conferring a general jurisdiction on justices of the peace in all civil actions, (Rev. Stat. ch. 57, § 58,) declares, that " appeals from judgments of justices of the peace to the Circuit Court shall be granted in all cases except on judgments confessed."

This provision, evidently, has reference to judgments in civil proceedings, where the action is brought to redress some private injury. Clark *v.* The People, Breese, 266. And we are inclined to hold, that it embraces all such cases, whether the juris-

diction is conferred by the same general act which has granted the right of appeal, or by other statutes passed either before or since. There are, however, many cases of the imposition of fines and penalties for public offences of which justices have jurisdiction; and, in most instances, there is in such cases a special provision for an appeal. From judgments entered by justices of the peace, in some few cases of this character, as for penalties for obstructing fordable streams, and for exhibiting shows without license, (Rev. Stat. 520, 593,) the statute creating the offence and giving the justice jurisdiction is silent on the subject of appeal; and the consequence may be that no appeal lies in such cases, there being no general provision of law granting appeals from the judgments of justices in criminal, as there is in civil proceedings, for the enforcement of private rights.

In this case, there is copied into the transcript an affidavit of the justice who tried the cause, showing that the action was brought, under ch. 35, of Rev. Stat., against drovers for driving off the cattle of plaintiff, and if we could look to this affidavit, the judgment of the Circuit Court would have to be reversed, as it would there appear that it was a case coming within the general provision of the statute allowing appeals from judgments of justices of the peace; but it has frequently been decided, that affidavits, copied into the transcript by the clerk, form no part of the record, unless contained in a bill of exceptions. Hatch *v.* Potter, 2 Gilm. 727; Edwards *v.* Patterson, 4 Gilm. 126.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*