NATHAN F. GARDNER, Plaintiff in Error, v. THE TOWN OF CHAMBERSBURGH, Defendant in Error.

ERROR TO PIKE.

An overseer of highways under township organization, cannot, of his own motion, institute suits, and bind the town for the payment of costs. The overseer should make the complaint to a Justice, who should docket the suit in the name of the town, which is the proper plaintiff.

If an appeal should be taken in such a case, the bond should be executed by the supervisor, in the name of the town; and the town would then become responsible.

THIS case originated before a justice of the peace, on a demand for fifty dollars, claimed by the plaintiff of the defendant, the defendant being a town of the county of Pike, under the township organization law. A judgment for thirty-five dollars and forty-one cents was rendered against the defendant by the justice, and the defendant appealed to the Circuit Court of Pike county. The Circuit Court, upon the trial of the cause, rendered judgment for five dollars and fifty-four cents, and the costs of the court below, for the plaintiff, and also one-sixth of the costs of the Circuit Court, and rendered judgment for the defendant for five-sixths of the costs of the Circuit Court.

The plaintiff moved for a new trial, which was overruled, and he brings the case to this court, and assigns for error:

1st. The refusal of the court to grant a new trial.

2nd. That the court erred in its finding as to the amount for which plaintiff should have had judgment, and in not finding for plaintiff his whole demand.

3rd. The court erred in rendering the judgment of the justice, and in rendering judgment for defendant for any portion of the costs.

The bill of exceptions shows the following to be the evidence:

The county of Pike being under township organization, and the town of Chambersburg an organized township in said county; that on the ——— day of September, 1850, one William Todd, who, then an overseer of the roads for said town, as such overseer instituted a suit against Nathan F. Gardner (the now plaintiff) for an alleged neglect to perform road labor, before a justice of the peace; that judgment was rendered in said suit in favor of said Todd, as such overseer, for four dollars and thirteen cents, and costs of suit, against Gardner; that Gardner appealed said case to the Circuit Court, which court dismissed his appeal; that Gardner thereupon brought the case by error to this court, which reversed the order of the Circuit Court dismissing the case, and remanded the case for trial to the Circuit

Court, where the case was re-docketed, and the case upon trial in the Circuit Court was dismissed, and judgment rendered for the defendant for costs. It further appeared that the costs of the Supreme Court and of the Circuit Court for which Gardner had recovered judgment respectively, against Todd, amounted to twenty-seven dollars and fifteen cents. It further appeared in evidence, that immediately after Gardner's appeal to the Circuit Court, in his suit with Todd, had been dismissed by the Circuit Court, that a *procedendo* had issued therein, and under this process the judgment of the justice of the peace against Gardner had been collected and paid to the justice.

It further appeared in evidence that the bills of cost for which Gardner had recovered judgment in the Supreme and Circuit Courts against Todd, and also a claim for the amount of money collected by the justice of the peace under the *procedendo* in the case, were presented to the board of auditors of said town for allowance and payment, at the annual meeting of said board for the year 1854, and that the board of auditors refused to audit or allow the same, upon the ground that said town was not liable for the same. The costs recovered by Gardner against Todd in the Supreme and Circuit Courts amounted, together, to twenty-seven dollars and fifteen cents, and the judgment collected under the *procedendo*, including the costs collected with it, amounted to seven dollars and sixty-three cents. Amount claimed by plaintiff, thirty-four dollars and seventy-eight cents.

This cause was tried before WALKER, Justice.

M. HAY, for Plaintiff in Error.

J. GRIMSHAW, for Defendant in Error.

BREESE, J. A careful examination of the act "to provide for township and county organization," etc., (Law 1849, p. 190,) satisfies us that no power is conferred by it, in terms, upon an overseer of highways, on his own mere motion, to institute suits in his own name or name of office, to bind the town and subject it to the payment of costs; nor is such a power necessarily to be implied from his position and the character of his duties.

By the first section of the second article, 191, "each town, as a body corporate, has capacity to sue and be sued in the manner prescribed by the laws of this State." By the fourth section of the third article, 192, "the electors of each town shall have power, at their annual town meetings, to direct the institution or defense of suits at law or in equity, in all controversies where such town shall be interested, and to direct such

sum to be raised in such town for prosecuting or defending such suits as they may deem necessary."

This is the general provision on this subject, and is adverted to for the purpose of showing how important it is considered that the general power should have a proper repository, without intending to be understood that it is necessary, in cases of the kind in which this suit originated, that a vote of the town should be taken on the propriety of commencing such a suit.

By Sec. 2 of Art. 9: The supervisor shall prosecute, in the name of his town or otherwise, as may be necessary, for all penalties of fifty dollars and under, given by law to such town or for its use, and for which no other officer is specially directed to prosecute.

Sec. 5 of Art. 13, requires, " in all proceedings *against* towns by name, the first process and all other proceedings required to be served, shall be served on the supervisor of the town, and whenever a suit is commenced, it is his duty to attend to the defense, and to lay before the electors, at the first town meeting, a full statement of such suit," etc.

Sec. 10 of same article, provides, in all suits or proceedings prosecuted by or against town officers in their name of office, costs shall be recovered as in like cases between individuals, and judgments recovered against them shall be " a town charge," etc. 200.

By Sec. 1, of Art. 22, commissioners of highways in the several towns have the general superintendence of highways and bridges therein, and, by clause 7, he is to require the overseers of highways from time to time, and as often as they shall deem necessary, to warn all persons to work on highways to come and work thereon, etc. ; and, by Sec. 5, it is made the duty of the overseers of highways in each town, when so required by the commissioners of highways or any one of them, to warn all persons assessed to work on the highways in their respective districts, to come and work thereon, to collect all fines and commutation money, and to execute all lawful orders of the commissioners. 213.

For refusal or neglect to perform these or any duties enjoined upon him by the commissioner of highways, he is liable to a penalty of ten dollars, to be sued for by that officer. By Sec. 17 of Art. 23, for other neglect of duty therein specified, he is liable to forfeit five dollars and the amount of tax or taxes for labor remaining unpaid, to be recovered by the commissioner of highways of the town. By Sec. 10 of this article, it is made the duty of every overseer of highways, within six days after any person assessed and notified shall be guilty of any refusal or neglect for which a penalty or fine is prescribed in this act,

unless a satisfactory excuse shall be rendered to him for such refusal and neglect, " to *make complaint on oath* to one of the justices of the peace of the town ;" and by Sec. 11, the justice to whom the complaint is made, shall forthwith issue a summons directed to any constable of the town, requiring him to summon such delinquent to appear forthwith before the justice at some place to be specified in the summons, to show cause why he should not be fined, etc. If the fine is imposed, the justice is required to issue his warrant, under his hand and seal, forthwith, directed to any constable, to levy such fine, with costs, etc. ; and he is required, when the fine is collected, to pay it to the justice of the peace, who is required to pay the same to the overseer *who entered the complaint,* to be by him expended in improving the roads and bridges in his district.

These are all the provisions of the act which seem to have any bearing on the question before us. Although suits by and against town officers are mentioned in the act, two of them only are distinctly named as having power to commence suits—the supervisors, by Sec. 2 of Art. 9, and the commissioners of highways, by Sec. 9 of Art. 22, and by Sec. 17 of Art. 23, and, consequently, in their own name or names of office.

The overseers of highways are, by the law, subordinate to the commissioners of highways—they take no oath of office, are not necessarily elected by ballot or by *viva voce,* but upon a division at a town meeting ; and although the position is one very useful, respectable, and necessary, yet it is quite subordinate, and, in the absence of any express authority by the law, or by necessary implication, he cannot be considered as clothed with the power to institute suits in his own name. His duty is plainly prescribed, " to make complaint on oath to a justice of the peace." He institutes the suit by this complaint, it is true, but the law does not say it shall be in his name. Having made the complaint on oath, the justice of the peace is then to act. He should docket the cause, in the name of the town, on the complaint on oath of the overseer of road district No. ——, (naming it,) the overseer being the agent by which it shall be prosecuted to judgment, and which it is his duty to do.

The town, by its corporate name, is the proper plaintiff, (Sec. 3, Art. 2), unless some officer is specially designated in the act. Suits thus instituted are under the control of the town authorities, from their inception to their termination, to be carried on, compromised, dismissed, or appealed, as may be deemed best for their interests. Judgments and costs resulting from them are properly a " town charge," and must be audited and paid out of the town treasury.

The overseer, then, having no power originally, to make, by

suits in his own name, these costs for which this suit is brought, no judgment for any amount should be rendered against the town. But as it was admitted on the argument, that the town had received five dollars and fifty-four cents, money of the plaintiff, the judgment will be affirmed for that amount.

On judgment being rendered against the town, if an appeal be taken, the appeal bond would be properly executed by the town supervisor, in the name of the town, and the town would be responsible for the costs—they would then become, properly, "a town charge."