THE TOWN OF PARTRIDGE

*v.*

JOHN SNYDER.

1. APPEAL FROM JUDGMENTS OF JUSTICES OF THE PEACE. An appeal lies from a judgment of a justice of the peace in a proceeding to recover a penalty, under sec. 58 of the act in relation to Roads and Bridges, Revised Statutes, 1874.

2. OBSTRUCTING ROADS—*proceeding to recover penalty for, is a civil action.* The proceeding before a justice of the peace to recover the penalty imposed for obstructing a road, by sec. 58 of the act in relation to Roads and Bridges, Revised Statutes, 1874, is a civil action, and not a criminal action, nor a case of a criminal nature.

3. It is an action of debt or assumpsit for the recovery of a penalty, and plainly falls within the words of the general statutory provision, that appeals shall be granted in all cases contained in the act conferring jurisdiction on justices of the peace, where the action of assumpsit or debt will lie.

4. APPEAL BOND. Where an appeal is taken by the town from a judgment of a justice of the peace, in such a case the bond should be executed by the supervisor of the town, in the name of the town, and not by the commissioner of highways.

5. SAME—*amendment.* Where, in a proceeding to recover a penalty for obstructing a road, an appeal was attempted to be taken from the judgment of the justice of the peace, and an appeal bond was executed by the commissioner of highways and approved by the justice of the peace, it was the duty of the court to permit the town to file a sufficient appeal bond.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. BANGS, SHAW & EDWARDS, and Messrs. PAGE & PERRY, for the appellant.

Messrs. BARNES & MUIR, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding, commenced before a justice of the peace, by the town of Partridge, on the complaint of Wil-

520          TOWN OF PARTRIDGE *v.* SNYDER.          [Sept. T.

Opinion of the Court.

liam Crank, one of the commissioners of highways of the town, to recover a penalty for obstructing a public highway. A trial was had, resulting in a verdict and judgment for the defendant. An appeal was taken to the circuit court, where, on motion of the appellee, the appeal was dismissed, from which judgment of dismissal this appeal is taken.

· The main question presented is, whether an appeal lay in this case from the judgment of the justice of the peace to the circuit court.

The general statute in relation to Justices and Constables, Rev. Stat. 1874, ch. 79, confers jurisdiction upon justices of the peace "in all cases where the action of debt or assumpsit will lie, if the damages claimed do not exceed $200," and provides that "appeals from judgments of justices of the peace to the circuit court shall be granted in all cases, except on judgment confessed." In *Edwards* v. *Vandemack*, 13 Ill. 633, and *Ward* v. *The People*, id. 635, it was held, that, under a similar provision for an appeal in the former statute, this right to appeal did not apply to judgments rendered by justices of the peace in criminal prosecutions for fines or penalties, for crimes or misdemeanors; and in the latter case it was decided that an appeal did not lie from the judgment of a justice of the peace for a penalty, under the "Act to prohibit the retailing of intoxicating drinks," approved April 18, 1851. This was in 1852. The provision of the former statute, then in force, granting jurisdiction, although similar, was somewhat different from that of the present statute, it being "for all debts or demands claimed to be due, in which the action of debt or assumpsit will lie." After these decisions, the legislature, by an act approved February 9, 1853, granted the right of appeal from a justice of the peace, mayor of a city, or other officer, in all cases of fines and penalties. This last law remained until the revision of 1874, when it was repealed, (Rev. Stat. 1874, p. 1019, sec. 204,) and no provision of a like nature re-enacted.

It is contended, then, that the decisions in *Edwards* v. *Van-*

*demack,* and *Ward* v. *The People,* apply here in full force, and govern and are conclusive against the right of appeal in this case from the justice of the peace.

As respects its coming within the bearing of those decisions, it becomes important to inquire into the character of this proceeding, as to whether it is a criminal prosecution or for an offense criminal in its nature, or but a civil suit. The penalty sued for is under sec. 58, of the act in relation to "Roads and Bridges," Rev. Stat. 1874, p. 921, which provides, that if any person shall obstruct a public road, etc., he shall forfeit, for every such offense, a sum not less than $3 nor more than $10, and an additional sum for every day he shall suffer the obstruction to remain after notice to remove it, complaint to be made by any person feeling himself aggrieved.

Various other penalties are imposed by the act. It provides, that all suits for the recovery of any fine or penalty under the act shall be brought in the name of the town, etc.; that all fines recovered under the provisions of the act shall be paid over to the commissioners of highways, to be expended upon roads and bridges; and that justices of the peace shall have jurisdiction in all cases arising under the act, where the penalty does not exceed their jurisdiction.

In *Webster* v. *The People,* 14 Ill. 365, it was held, that actions of debt to enforce a statute penalty are not necessarily criminal prosecutions; and an action of debt for the recovery of the penalty of $100, imposed by the statute for hawking and peddling without license, was there held not to be a criminal prosecution, either in form or substance, and, as denoting it not to be such, it was remarked, that it was not an offense at common law, nor indictable under the statute; that, in form, it was an action of debt, and not a criminal prosecution ; that it was not required to be brought and carried on in the name of the People of the State of Illinois, as all criminal prosecutions must be; that the violation of the statute for which the action was given was not made a misdemeanor; that no fine was inflicted, but simply a penalty imposed.

And a contrast was drawn between that case and the one of *Ward* v. *The People;* and, as marking the latter as a criminal proceeding, it was dwelt upon that the offense there was made expressly indictable by statute, and a specific fine was imposed, which might be recovered either by indictment or by action of debt; that the statute had made the offense a misdemeanor, and although the fine might be recovered in a civil form of action, yet the offense was criminal in its nature. The features which were thus considered to mark the case of *Ward* v. *The People* as a criminal action, or one of a criminal nature, will be found to be absent in the case at bar, and that it has belonging to it the circumstances which were held to denote the case of *Webster* v. *The People* to be, in contradistinction from the former, but a mere civil suit.

In *Ewbanks* v. *Town of Ashley*, 36 Ill. 177, it was said: "At common law a penalty given by statute might be recovered in either an action of debt or assumpsit, in any court of general jurisdiction; nor should such a penalty be recovered in a criminal proceeding." It has repeatedly been held by this court, that a proceeding to collect a penalty for the violation of a town ordinance is a civil suit; that such a penalty can not be recovered in any criminal proceeding. *Town of Jacksonville* v. *Block*, 36 Ill. 507; *Graubner* v. *City of Jacksonville*, 50 id. 87; *Hoyer* v. *Town of Mascoutah*, 59 id. 137.

It is argued, that the repeal, in the revision of 1874, of the act of February 9, 1853, giving the right of appeal from the judgments of justices of the peace in cases of fines and penalties, conclusively shows the intention of the legislature that there should be no appeal in such cases. In that revision are numerous acts wherein penalties are imposed for the violation of their provisions, and jurisdiction in suits for their recovery is conferred upon justices of the peace; but there is granted no right of appeal, unless the general law allowing appeals applies. It can hardly be supposed to have been the intention of the legislature to take away the right of appeal in all

those cases. In the one act concerning "Railroads and Ware-houses," in the Revised Statutes of 1874, may be found no less than nine different cases where penalties are imposed, and are recoverable before justices of the peace.

In section 94 of that act it is declared: "In all cases under the provisions of this act, the rules of evidence shall be the same as in *other* civil actions, except as herein otherwise provided," thus showing that the legislature regarded all these actions given in the act for penalties, as civil actions.

It may be that the legislature, in the repeal of the act of February 9, 1853, deemed it as needlessly encumbering the statute book ; that the case was covered under the statute, as now framed, by the general provision for an appeal in *all* cases before a justice of the peace.

But whatever the legislative intention in such repeal, this is a civil action for the recovery of a penalty, and is not a criminal action, nor the case one of a criminal nature.

In the same statute concerning justices of the peace, which gives them jurisdiction "in all cases where the action of debt or assumpsit will lie, if the damages claimed do not exceed $200," is the provision, that "appeals shall be granted in all cases, except on judgment confessed." This is a case of an action of debt or assumpsit for the recovery of a penalty. It plainly falls within the words of the general statutory provision, that "appeals shall be granted in all cases," and we do not know why the words should not be allowed to have their natural effect. If their generality is to have a limitation, it would seem, certainly, that they should embrace one of the cases which the same statute, in express terms, grants jurisdiction over to justices of the peace.

We are of opinion, the right of appeal from the justice of the peace existed.

It is further insisted, that appellant did not take any appeal from the justice of the peace to the circuit court, and this, because the appeal bond was executed by Crank, commissioner of highways of the town, instead of by the town of

Partridge. The bond should have been executed by the supervisor of the town, in the name of the town. *Gardner* v. *Town of Chambersburgh*, 19 Ill. 99. On leave for that purpose, appellant filed in the circuit court its appeal bond, executed in its name, by the supervisor of the town, and afterward, on motion of appellee, the court dismissed the appeal.

In *Hubbard* v. *Freer*, 1 Scam. 467, it was said : "This court has frequently decided, that when an appeal bond is adjudged to be insufficient, the statute is imperative that the circuit court shall permit a good and sufficient bond to be filed." And in *Waldo* v. *Averett*, id. 487 : "But if it is admitted that the bond was ever so defective, the court nevertheless erred in dismissing the appeal; it ought to have allowed the motion of appellants to file a good bond." And in *Bragg* v. *Fessenden*, 11 Ill. 544 : "And whenever a party intends appealing, and makes such an attempt at the execution of a bond, that the officer authorized to approve it accepts the bond, it is not the design of the statute that the appellant should be prejudiced by reason of any informality or deficiency in the bond." There, the agent of Bragg attempted to take an appeal for the latter from a justice of the peace, by executing an appeal bond in the name of Bragg, on the 21st of July, 1849, without having any authority, under seal, to do so. In November, 1849, Bragg executed and filed, in the office of the clerk of the circuit court, a power of attorney, under seal, ratifying the act of the agent in signing the appeal bond and taking the appeal. It was held, that the bond filed had been made good by the ratification, although it was executed a long while after the expiration of the time for taking an appeal, and that it was error to dismiss the appeal for the insufficiency of the bond.

In *Trustees of Schools, etc.* v. *Starbird*, 13 Ill. 49, there was a judgment before a justice of the peace against the trustees of schools of a certain township. An appeal bond was entered into by one of the trustees, and approved by the clerk of the circuit court. It was held error to disallow an application

to amend the bond, and to sustain a motion to dismiss the appeal; that the bond was defective, because not executed by the corporation against which the judgment was rendered, but that the court should have permitted the trustees to perfect the appeal by the execution of a bond obligatory on the corporation. It was said: "The trustee intended to take an appeal that would enable the corporation to have the case re-heard, and for that purpose executed a bond, which was approved and accepted by the clerk." The same may be said with regard to the action of Crank, the commissioner of highways, here, and the approval and acceptance of his bond. The Road and Bridge Act makes it the duty of commissioners of highways to prosecute for all fines and penalties under the act. Crank, as commissioner of highways, had made the complaint in the case. The appeal purported in the appeal bond to be taken on behalf of the town.

Under the authorities cited, the allowance of the filing of the bond executed by the supervisor in the name of the town was clearly proper, and the appeal should not have been dismissed.

The judgment will be reversed.

*Judgment reversed.*