## The Town of Appanooce
### v.
## William C. Kneff.

1. Appeal by town—Bond must be signed by supervisor.—On an appeal by a town, in an action where an appeal will lie, the bond should be signed by the supervisor in the name of the town. A bond signed by the commissioners of highways in an appeal from a suit relating to roads, is irregular.

2. New bond may be filed.—Where the bond for appeal is defective, it is error for the court to dismiss the appeal on motion, but leave should be given to amend. The proper practice would be to require the appellee to enter a rule against the appellant that unless he files a sufficient bond by a day named in the rule, the appeal will be dismissed.

Error to the Circuit Court of Hancock county; the Hon. Joseph Sibley, Judge, presiding.

Messrs. Manier & Miller and Morrill & Moffitt, for plaintiff in error; that an appeal would lie on the part of the town, from the judgment in this action, cited Rev. Stat. 1874, 921, § 58; Rev. Stat. 1877, 869, § 17; Town of Partridge v. Snyder, 78 Ill. 519.

That it being made the duty of commissioners of highways to prosecute for fines, they were the proper parties to sign the appeal bond: Rev. Stat. 1877, 869, §§ 19, 20.

The court should have permitted the filing of a new or amended bond: Rev. Stat. 1877, 618, § 69; Hubbard v. Freer, 1 Scam. 467; Waldo v. Averett, 1 Scam. 487; Bragg v. Fessenden, 11 Ill. 544; Boorman v. Freeman, 12 Ill. 165; Trustees of Schools v. Starbird, 13 Ill. 49; Weist v. The People, 39 Ill. 507; Wear v. Killeen, 38 Ill. 260.

Davis, J. This action was brought before a justice of the peace by plaintiff in error, to recover from the defendant a penalty for injuring and obstructing a public road in said town.

On an appeal taken to the circuit court by plaintiff in error,

the defendant moved the court to dismiss the appeal, because the bond filed was signed by the commissioner of highways, when it should have been executed by the supervisor of the town. The court below sustained the motion, and the plaintiff then entered its motion for leave to file a new bond. This motion the court overruled, dismissed the appeal, and rendered a judgment in favor of the defendant against the plaintiff for costs of suit. The ruling of the court on this motion is assigned for error.

The appeal bond was improperly signed by the commissioners of highways. It should have been executed by the supervisor of the town in the name of the town. But the appeal having been properly taken in a case in which an appeal would lie, should not have been dismissed, but leave should have been given to the plaintiff to file a new bond, so that the case should be tried on its merits, as provided by the statute. Town of Partridge v. Snyder, 78 Ill. 519.

In Wear v. Killeen, 38 Ill. 262, the court held that the proper practice in all such cases is, after the bond has been adjudged informal or insufficient, to enter a rule against the appellant that unless he executes and files a sufficient bond by a day to be named in the rule, the appeal will be dismissed.

In this case no such rule was necessary, as the plaintiff had asked leave of the court to file a new bond.

The court having erred in dismissing the appeal, the judgment must be reversed and the case remanded, with instructions to reinstate the appeal on the docket, and permit the plaintiff within a reasonable time, to be fixed by the court, to file a new appeal bond.

Reversed and remanded.