## THE PACIFIC EXPRESS COMPANY
### V.
## HENRY HAUPTMAN.

APPEAL FROM A JUSTICE—IRREGULAR BOND.—It is error to dismiss an appeal from a justice of the peace for a mere informality in the appeal bond. It is the duty of the court to allow an amendment of the appeal bond.

ERROR to the Circuit Court of Montgomery county; the Hon. J. J. PHILLIPS, Judge, presiding; opinion filed September 6, 1882.

Mr. WILLIAM L. GROSS, for plaintiff in error; as to the right to amend the appeal bond, or file a new one, cited Rev. Stat. 1874, chap. 79, § 69; Hubbard v. Freer, 1 Scam. 467; Bragg v. Fessenden, 11 Ill. 544; Trustees v. Starbird, 13 Ill. 49; Patty v. Winchester, 20 Ill. 261; Wear v. Killeen, 38 Ill. 259; Weist v. The People, 39 Ill. 507; Town of Partridge v. Snyder, 78 Ill. 519; Stuckey v. Churchman, 2 Bradwell, 584.

Messrs. RICE & MILLER, for defendant in error.

DAVIS, P. J.   The defendant in error commenced this suit against the plaintiff before a justice of the peace, and recovered a judgment on the 22d of August, 1881.   An appeal was taken to the circuit court and an appeal bond received and approved by the justice within the time prescribed by law.   A duly certified transcript of the proceedings was filed by the justice in the office of the clerk of the court on the 23d of September, 1881.

The appeal bond was not signed by the plaintiff in error, but was executed by D. M. Costley and Robert S. Nelson, and was conditioned as follows:   "The condition of the above obligation is such that, whereas, the said Henry Hauptman did, on the 22d day of August A. D. 1881, before Lewis L. Slater, justice of the peace in and for said county of Montgomery, recover a judgment against the Pacific Express Company for the sum of $8 debt and $11 cost of suit, from which judgment the Pacific Express Company has taken an appeal to the Circuit Court of the county of Montgomery aforesaid.   Now, if the Pacific Express Company shall prosecute their appeal with effect and pay whatever judgment may be rendered against them by said court upon the trial of said appeal or by consent, or in case the appeal is dismissed, will pay the judgment rendered against them by said justice of the peace, and all costs occasioned by said appeal, then the above obligation to be void, otherwise to remain in full force and effect."

At the term of the circuit court following the appeal, a motion was made by the plaintiff below to dismiss the appeal for want of an appeal bond.   This motion was withdrawn and one substituted to dismiss the cause from the docket.   This motion

Pacific Express Co. v. Hauptman.

was allowed, and the cause stricken from the docket by the court on the 9th of November, 1881. On the day following, the defendant below entered a motion to set aside the order striking the cause from the docket, and to re-instate the same on the docket, and also a cross-motion for leave to defendant to file a better appeal bond.

These motions were overruled by the court and exceptions taken.

It appears from the bill of exceptions filed in the case, that the court below overruled the motions made by the plaintiff in error, and struck the case from the docket on the ground that it was unable to say from the record before it that the defendant had attempted to take an appeal from the judgment of the justice of the peace.

We think the court erred in this, and improperly overruled the motions.

The plaintiff in error, being a corporation, was only in court by virtue of the service of a copy of the summons issued by the justice on D. M. Costley, as agent of the company. The transcript from the justice shows the entry of the appeal; the condition of the appeal bond received and approved by the magistrate recites the rendition of the judgment and an appeal from that judgment by the Pacific Express Company; and the appeal bond is executed by the agent of the company on whom the summons was served.

The agent has an undoubted right to appeal the case for his principal, and the record shows that the appeal was taken by the Pacific Express Company. It is clear that an attempt was made, in good faith, to appeal the case, and the bond executed by the agent and his sureties carefully protected the rights of the opposite party. It may be that as the appeal bond was executed by the agent and his surety, and not by the principal, it was not strictly a compliance with the statute, and that the plaintiff below was entitled to an appeal bond signed by the defendant who appealed. But it was an informality at most, and had the plaintiff desired a more formal bond he could, on motion, have obtained a rule on the defend-

ant to file a proper bond by a day to be named by the court, and on a failure to comply with the rule, a dismissal of the appeal would follow. But it was not a fatal defect, which would justify a dismissal of the appeal or the striking the case from the docket, in the first instance. Wear v. Killeen, 38 Ill. 262; Partridge v. Snyder, 78 Ill. 519. The Town of Appanooce v. Knuff, 2 Bradwell, 583.

. We think the case comes clearly within the provisions of the statute of 1874, which provides that the appeal shall not be dismissed for any informality in the appeal bond, but it shall be the duty of the court before whom the appeal may be pending to allow the party to amend the same within a reasonable time, so that a trial may be had on the merits of the case. Revised Statutes of 1874, Sec. 69, page 648.

Judgment reversed and remanded.