### Robert Firebaugh v. The Town of Blount.

1. HIGHWAYS—*Suit for Road Tax—How Brought.*—A proceeding against a person for a failure to perform road labor under Sec. 102, Ch. 121, R. S., is properly brought in the name of the town.

2. COURTS—*Presumptions as to Regularity of Proceedings.*—Presumptions of law are in favor of the regularity of proceedings of courts.

Memorandum.—Suit for road tax, originally begun in justice's court. Appeal from the County Court of Vermilion County; the Hon. J. G.

THOMPSON, Judge, presiding.  Heard in this court at the May term, 1893, and affirmed.  Opinion filed December 4, 1893.

The opinion states the case.

A. R. HILL, attorney for appellant.

S. G. WILSON, attorney for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This proceeding was commenced by complaint of the overseer of highways of Road District No. 4 in said Town of Blount against appellant, before a justice of the peace for failure to perform road labor.  R. S. 1891, Ch. 121, Sec. 102. From the justice's judgment an appeal was taken to the County Court.  On the trial of the appeal defendant failed to appear.  The court instructed the jury only as to the form of their verdict, whether for plaintiff or defendant.  The jury found for the plaintiff, assessing the damages at two dollars.  Defendant then appeared and entered his motion for a new trial, which was denied.  He then moved in arrest of judgment, but in that also was overruled and judgment entered according to the verdict.  He brings the record here by appeal, and on the assignments of error urges that appellee failed to establish a *prima facie* case, and that the suit should have been brought in the name of Road District No. 4.

For the latter point no authority is cited, and that the town was the proper party plaintiff appears to be settled by Bardner v. Town of Chambersburg, 19 Ill. 99.

The evidence preserved in the bill of exceptions is very meager.  It shows that the town clerk testified that he knew the defendant and knew he was assessed for two days' road labor in that district in 1892.  The overseer testified that he was such in the summer and fall of that year; that he knew appellant and that he was assessed for two days' road labor in that district for that year; that he served written notice on him to work the roads, and that he did not work.  He further stated that he did not have the notice with him, nor

know where it was, nor know exactly the date of its service, but that it was some time in the month of September.

Had the defendant appeared when due we think this evidence, not objected to when offered and aided by the proper presumption, would have been sufficient to put him upon proof of his defense.

It is suggested as possible that the service might not have been made in time or have been in some other respect irregular and insufficient, or that the town may not have adopted the labor system, pursuant to the statute (Sec. 80); but such are not the legal presumptions. Judgment affirmed.