PRESIDENT AND TRUSTEES OF THE TOWN OF JACKSONVILLE

*v.*

SOLOMON BLOCK, AND AUGUST CONE.

1. TOWN ORDINANCE—*debt proper action for violation of.* The proper action to bring, for the violation of an ordinance of an incorporated town, is debt, unless the charter prescribes a different action.

2. SAME—*no affidavit necessary.* In bringing such action, an affidavit on which to base it is unnecessary, nor need there be a complaint in writing. Such action can be commenced in the same manner as an ordinary action of debt before a justice of the peace.

3. SAME—*no objection can be taken to form of summons.* The summons, in such case, may be in the form prescribed by the statute in civil cases. No exception can be taken in the Circuit Court to the form or service of the writ, nor to any proceedings before the justice.

4. COST BOND. A bond for costs, in such case, is unnecessary.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. D. M. WOODSON, Judge, presiding.

On the 27th day of June, 1862, the plaintiffs commenced their suit in debt against the defendants, for a penalty for alleged violations of an ordinance of the town of Jacksonville against the sale of intoxicating liquors within that town, before William G. Johnson, a justice of the peace, upon their written complaint, and account filed in said justice's court against the defendants; and on the same day a writ in debt was issued in the cause, duly served and returned, and by consent of both parties the trial was continued to the 3rd day of July, 1862,

and again continued by consent of both parties to the 14th day of July, 1862, when the defendants moved to quash the writ and dismiss the proceedings, for want of certainty in the complaint and for insufficiency thereof, which motion the justice overruled. Trial by jury, and verdict and judgment for the plaintiffs, from which judgment the defendants appealed to the Circuit Court, and filed their appeal bond on the 3rd day of July, 1862. And at the September term, 1862, of the Circuit Court, on the trial of the cause, the defendants moved the court to dismiss the suit, for the following reasons then filed, to wit:

1.    That there was no complaint, under oath, filed in the cause, as the basis of the suit.

2.    That the complaint filed in the cause was vague and uncertain.

3.    That no bond for costs was filed by the plaintiffs.

And the court sustained the motion and dismissed the suit, and gave judgment for the defendants for their costs; to which ruling of the court the plaintiffs then and there excepted.

The errors assigned are:

1.    That the court erred in sustaining defendants' motion to dismiss plaintiffs' suit for reasons assigned, and in dismissing the suit.

2.    That the court erred in rendering judgment for the defendants for costs, and in not overruling the motion.

Messrs. MORRISON & EPLER, and Mr. WILLIAM BROWN, for the Plaintiffs in Error.

Mr. M. McCONNEL, for the defendants in Error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The board of trustees of the town of Jacksonville, by the charter of the town, had power to pass ordinances and impose penalties for any violation of the same. Private Laws of 1849, p. 124.

Jurisdiction was conferred upon justices of the peace of the

town in all cases arising under the charter, and growing out of by-laws made in pursuance of the same; and appeals and writs of *certiorari* were allowed from their judgments, in the same manner as they were allowed from judgments of justices of the peace in other cases.

At common law, when a penalty was incurred for a violation of a by-law of a corporation, it might be recovered by an action of debt or assumpsit in any court of general jurisdiction. Com. Dig. "By-Law" D. 1; *Barber Surgeons' Co. v. Pelson*, 2 Levinz, 252; *City of London* v. *Goree*, 1 Ventris, 298; same case, 2 Levinz, 174; Grant on Corporations, 88; *Israel* v. *Jacksonville*, 1 Scam. 290.

Such a penalty could not be recovered in any criminal proceeding. The statute conferring upon justices of the peace jurisdiction in such cases, must be held to authorize them to proceed as in other civil cases.

The mode of recovering such penalties was not changed by authorizing justices of the peace to take cognizance of cases for their recovery. No complaint was necessary to commence a suit, and it is of no importance what the complaint made contained, or whether it was or was not under oath. The suit might have been commenced in the same manner as any other civil suit before a justice of the peace. (Scates' Comp. 686). The summons was properly issued in the form prescribed by the statute for a summons in civil cases. No exception was allowable in the Circuit Court as to the form or service of the writ, nor to any proceedings before the justice. The duty of that court was to hear and determine the cause in a summary manner, according to its merits. *Swingley* v. *Haynes*, 22 Ill. 216; *O. & M. R. R. Co.* v. *McCutchin*, 27 Ill. 9; *Stephens* v. *Cross*, 27 Ill. 35. No bond for costs was necessary. *Town of Lewiston* v. *Proctor*, 23 Ill. 533.

The judgment of the Circuit Court, dismissing the suit for irregularity in the proceedings before the justice, is reversed, and the cause remanded.

*Judgment reversed.*