JOHN GRAUBNER

*v.*

THE CITY OF JACKSONVILLE.

WITNESS—*competency—under act of* 1867.    A prosecution for the violation of a city ordinance prohibiting the sale of liquor is not a criminal proceeding, and, therefore, the defendant, under the act of 1867, is a competent witness in his own behalf.

APPEAL from the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was a prosecution, commenced by the City of Jacksonville, against John Graubner, for an alleged violation of a city ordinance prohibiting the sale of liquor within the corporate limits. The proceeding was instituted before a justice of the peace of the city of Jacksonville, appealed to the Circuit Court of Morgan county, and a change of venue taken to the Circuit Court of Sangamon county. On the trial, Graubner was offered as a witness, to testify in his own behalf, which was refused. The question presented by the record is, as to the character of the proceeding, and the competency of the witness under the act of 1867.

Messrs. KETCHAM & ATKINS, for the appellant.

Messrs. HAY, GREENE & LITTLER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This case is like that of *Kettering* v. *City of Jacksonville*, *ante* p. 39, except in one particular. Graubner, the appellant, offered to testify, but the court did not permit him to do so. This was error. This court has repeatedly decided that prosecutions of this character were not a criminal proceeding. We

have also held, in the case of *The People* v. *Starr*, *ante* p. 52, that the defendant, in a prosecution for bastardy, was a competent witness under our present láw, and the same rule must be applied in this case.

The judgment is reversed and the cause remanded.

*Judgment reversed.*