59   137
25a   75
59   137
31a  475

# WESLEY HOYER *et al.*

### *v.*

## THE TOWN OF MASCOUTAH.

1. PENALTY—*proceeding to collect, whether civil or criminal.* It has been held that a proceeding to collect a penalty for the violation of a town ordinance is a civil suit—that such a penalty can not be recovered in any criminal proceeding.

2. SAME—*where offense charged is assault and battery.* Where it is sought to recover such a penalty, the fact that the offense charged is assault and battery, does not change the character of the proceeding. The town only acquires jurisdiction because the offense is prohibited by ordinance.

3. APPEALS, *in such cases.* In all such cases, appeals from justices of the peace must be allowed and perfected under the provisions of the statute allowing appeals in civil cases.

4. AMENDMENT *of appeal bond.* And if the appeal bond should be found to be defective, it is the duty of the circuit court to allow amendments, as in civil cases.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. WINKELMAN & BONEAU, for the plaintiffs in error.

Mr. BENJAMIN MATTICE, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action originally commenced before a justice of the peace by the town of Mascoutah against the plaintiff in error, for an alleged violation of an ordinance of said town. A trial was had before the justice of the peace, which resulted in a judgment against the plaintiff in error, from which he prayed an appeal to the circuit court, and filed his bond in accordance with the provisions of the statute allowing appeals in civil suits.

At the October term of the circuit court of St. Clair county, A. D. 1870, the counsel for the defendant in error entered a motion to dismiss the appeal, on two grounds: 1st, that, inasmuch as this was a prosecution for assault and battery, under the ordinances of the town, the appeal bond was insufficient in not containing a condition providing for the payment of a judgment that might be rendered upon a plea of guilty; and, 2d, that the appeal bond was entered into before and filed with the justice of the peace who tried the cause, and was not entered into before and filed with the clerk of the circuit court, as the statute directs in cases of assault and battery. The plaintiffs in error asked leave to amend the appeal bond, which leave the court refused to grant, and dismissed the appeal.

The decision of the court, refusing leave to amend the appeal bond, and dismissing the appeal, is now assigned for error.

It has been repeatedly held by this court, that a proceeding to collect a penalty for the violation of a town ordinance is a civil suit. Such a penalty can not be recovered in any criminal proceeding. *Town of Jacksonville* v. *Block*, 36 Ill. 507; *Graubner* v. *City of Jacksonville*, 50 Ill. 87. The fact that the

offense charged was assault and battery, does not change the character of the proceedings. It is still a civil suit. The town only acquires jurisdiction because the offense is prohibited by ordinance.

In all such cases appeals must be allowed and perfected under the provisions of the statute allowing appeals in civil cases before a justice of the peace.

If the appeal bond should be found to be defective, it is the duty of the court to allow amendments as in civil actions.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*