VINTON G. HARBAUGH

*v.*

THE CITY OF MONMOUTH.

1. CITY ORDINANCE — *effect of exceeding authority conferred by charter.* Even if a city ordinance prohibiting sales of intoxicating liquors, embraces a class of sales which the city has no power to prohibit, it may still be enforced as to such sales as the city does possess the power to prohibit.

2. EXCEPTION — *when it must be taken.* When the record does not show that exception was taken to the giving of instructions in the court below, such objections come too late, and cannot be considered when made in this court for the first time.

3. EVIDENCE — *in prosecution for selling liquor.* Under an ordinance prohibiting the sale of intoxicating liquors, except for certain purposes, it is not incumbent on the prosecution to prove that the sale complained of was not for the excepted purposes, but when a sale is proved, the burden of proof is on the defendant to show that such sale was lawful.

4. VARIANCE — *between complaint and the proofs, before justice of the peace, not material.* On the trial of an appeal from a judgment of a justice of the peace, upon a prosecution for violating a city ordinance, it is not a matter of any consequence whether the original complaint is technically correct or not, the only question being whether the ordinance was violated or not, without regard to whether the evidence corresponds with the complaint.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. JAMES W. DAVIDSON, and Mr. M. M. LUCY, for the appellant.

Mr. JAMES H. STEWART, Mr. WILLIAM K. STEWART, and Mr. D. P. PHELPS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by the city of Monmouth against appellant, to recover a penalty for selling spirituous liquors in violation of the ordinances of the city of Monmouth.

The action was commenced before a police magistrate, before whom the appellant was found guilty. An appeal was prosecuted to the circuit court, where a trial was had before a jury, which resulted in a verdict against appellant for $200. The court overruled a motion for a new trial, and rendered judgment upon the verdict.

The appellant brings the record here, and relies mainly upon the point, to obtain a reversal of the judgment, that the ordinance offered in evidence was not authorized by the charter of the city.

In the original charter of the city of Monmouth are contained the following provisions :

" Article 5, section 7. The city council shall have power to make regulations to insure the general health of the inhabitants, to declare what shall be a nuisance, and to prevent and remove the same.

" Article 5, section 20. To license, tax, restrain, prohibit and suppress tippling-houses, and other disorderly houses."

In 1865, the charter was amended by an act of the legislature, as follows:

" Section 1. That in addition to the powers already vested in the city council of the said city of Monmouth, by virtue of the above entitled act, the said city council shall have power to tax, restrain, prohibit and suppress tippling-houses, dram-shops, gambling-houses, bawdy-houses and other disorderly houses within said city, and within one mile thereof, but not to license any house or place for the sale of intoxicating drinks of any kind as a beverage.

" Section 2. To prevent and prohibit the introduction, keeping, manufacturing or selling of any vinous, malt, spirituous, mixed or intoxicating liquors within said city, and within one mile thereof (except for medicinal, mechanical and manufacturing purposes), and to prohibit the giving the same away, with a view to evade any penalty which may be provided for the unlawful sale of such liquors."

Section 3 gives the city power to make all ordinances neces-

sary for carrying into operation the powers specified in this act, and the act to which this is an amendment.

Under the charter as amended, the city council enacted an ordinance, sections 1, 3 and 8 of which were introduced in evidence.

Section 1 is as follows:

" Section 1. That any person who shall sell, barter or exchange any spirituous, vinous, malt, fermented, mixed or intoxicating liquors, or any lager beer, ale or porter of any kind, containing intoxicating properties, within the corporate limits of said city, or within one mile of said city, and each and every person knowingly aiding or assisting therein as agent, servant, clerk or otherwise, shall be adjudged guilty of a nuisance, and on conviction thereof shall be fined twenty-five dollars for each and every offense, and be imprisoned in the city prison of said city, or in the county jail of Warren county, until the fine and costs be paid."

Section 8 provides that the city council may license druggists to keep and sell spirituous liquors for sacramental, chemical and medicinal purposes, under certain restrictions.

Section 3 provides, the giving away spirituous liquors, for the purpose of evading sections 1 and 2 of the ordinance, shall be a sale, and punished accordingly.

It is not material to consider or determine whether the city council had the power under the charter to pass the ordinance, prior to the amendment of the charter made by the legislature in 1865.

At the time the ordinance was adopted, there can be no question but the city council had full and ample authority to prohibit the sale of intoxicating liquors, and to declare and punish the act of selling as a nuisance.

It was held by this court, as early as the case of *Goddard* v. *The Town of Jacksonville*, 15 Ill. 588, under a charter not more comprehensive in its provisions than the charter of the city of Monmouth, that the corporate authorities of the town

had the authority to declare the sale of intoxicating liquors a nuisance.

The law, as declared in that case, has since been affirmed and followed by numerous decisions of this court, and we must therefore regard that question as fully settled.

It is, however, insisted by appellant, that the first section of the ordinance offered in evidence is *ultra vires* and void, for the reason that the charter authorizing the city council to prohibit a sale contains the clause " except for medicinal, chemical and manufacturing purposes," and, by the terms of the ordinance, the sale is absolutely prohibited. But this prosecution was for the sale of liquors as a beverage. It was not claimed or pretended that appellant sold for medicinal or mechanical purposes. He seems, from the evidence, to have kept a saloon, and, as such, was in the traffic.

The question is not raised by this record whether the city council could prohibit the sale for medicinal or mechanical purposes.

The evidence contained in this record shows a clear violation of the ordinance, and that, too, of a character that the counsel of appellant concede the city have the power to prohibit.

Even were it true, as contended, that the ordinance embraced sales that the council had no power to prohibit, we perceive no reason why it may not be enforced to the full extent that the city council had the power to legislate on the subject.

This question arose in the case of *Kettering* v. *The City of Jacksonville*, 50 Ill. 39, and it was there held that an ordinance might contain a provision not authorized, and yet be valid in so far as authority was given to enact it. This decision is conclusive of the question raised.

The objections taken to sections 3 and 8 of the ordinance introduced it is not necessary to consider, as the plaintiff's right of recovery did not depend upon them in the least; and as they could in no manner prejudice the rights of the appellant, it was not error to permit them to be read to the jury.

It is also urged that the court erred in giving the second

and fourth instructions for appellee. The record fails to show that any exception was taken to these instructions when given, and the objection comes too late when raised for the first time in this court. Had the appellant desired to question the instructions, he should have excepted to them when given, and preserved the exceptions in the record by a bill of exceptions.

It is also urged by appellant that the court erred in refusing to give his first and second instructions, which were as follows:

"1. Unless the jury therefore believe from the evidence that the plaintiff has shown that said liquor was not sold for medicinal, chemical or manufacturing purposes, as charged in the complaint, then they will find for the defendant.

"2. The court instructs the jury that it is incumbent upon the plaintiff to prove the material facts as charged in the complaint, and if the jury believe that the complaint has not been proven as charged, they will find the defendant not guilty."

In regard to the first instruction, when appellee established a sale we are of opinion that then the burden of proof devolved upon appellant to show the sale was lawful. A different rule would require the plaintiff to prove a negative, which would be burdensome, and in many cases almost impossible to do, while on the other hand, if the defendant sold for medicinal or mechanical purposes, he had the evidence at his command, and could easily make the proof, and it is imposing no hardship upon him to require that he should furnish the proof.

As to the second instruction refused, the court was justified in refusing it upon two grounds, first, it did not require the jury to believe the facts therein specified, from the evidence, which it should have done, but aside from this, on the trial of the cause in the circuit court it was the duty of the court to have the cause tried on its merits, without regard to the complaint. It was a matter of no moment whether the complaint was technically correct or not; the real question before the jury was, whether there had been a sale by appellant in violation of law, without regard to whether the evidence corresponded with the complaint or not;

this was the real question for the jury, and no error was committed in refusing the instruction. *Town of Jacksonville* v. *Block*, 36 Ill. 507.

As no substantial error is perceived in the record, the judgment will be affirmed.

*Judgment affirmed.*