## L. KNOWLES
### v.
## VILLAGE OF WAYNE CITY.

*Municipal Corporations—Profane and Obscene Language—Ordinance—Penalty—Appeal by Municipality upon Acquittal of Defendant—Bond—Sec. 62, Chap. 79, Starr. & C. Ill. Stats.*

1.   An action instituted for the recovery of a penalty provided for by a municipal ordinance prohibiting the use of profane and obscene language, is of a civil character.

2.   The mode adopted to bring into court a person charged with such breach, whether by summons or warrant, does not change the nature of the action.

3.   In such cases either party has the right of appeal.

4.   An objection to the appeal bond in a case of this sort, first made in this court, comes too late.

[Opinion filed March 1, 1889.]

APPEAL from the Circuit Court of Wayne County; the Hon. C. C. BOGGS, Judge, presiding.

Mr. H. TOMPKINS, for appellant.

Several cases may be found where the town or village may appeal, but in such cases the ordinance provides that an appeal may be had in the name of the People of the State of Illinois, such as the following cases:

Webster v. The People, 14 Ill. 365, action for peddling meat without a license. The right to appeal here was given in general terms to either party.

Town of Jacksonville v. Block, 36 Ill. 507. The ordinance in this case allowed appeal in general terms. The same in case of Town of Partridge v. Snyder, the right of an appeal was especially enacted.

Hesing v. Att'y Gen'l, 104 Ill. 292. The right of appeal was denied the relator on dismissal of suit, no judgment for cost having been rendered.

The Legislature, by various acts, have extended the right of appeal in penal actions, such as violation of the road and bridge law, and *qui tam* actions. The same with the ordinances of cities with penal actions.

But if there is no provision for an appeal granted to the people or informer by the general law or by the ordinance, and the cause proceeds as would a criminal action by a warrant, arrest, bond for appearance, or execution for imprisonment, then, in that instance, an appeal will not lie to an informer, the people, nor the village, from a verdict of not guilty.

The defendant having been found "not guilty," this court had no jurisdiction on appeal even by the informer, and certainly none by a party who was not a party to the complaint, making the action one of "appeal."

The village of Wayne City, the now defendant in error, was not known in the case before the justice of the peace except by its ordinance. No cost was rendered against the village nor against the informer. The bond recites no judgment; it undertakes to say that a judgment was obtained

Knowles v. Village of Wayne City.

against the president and board of trustees of the village of Wayne City in blank dollars and cents, while the transcript shows that no judgment was rendered.

Again, the summons issued from the Circuit Court is entitled a new party, Wayne City, appellee, instead of The People of the State of Illinois, requiring the plaintiff in error to appear in the Circuit Court to answer in a plea of an appeal, to the damage of said plaintiff in the sum of fifty dollars. This is the first that the village of Wayne City is known in the case. No action is stated, whether it is a criminal action or one of assumpsit. But it would seem by the summons, in using the word damage, that it might be an action of assumpsit. If so, then no judgment could be entered against plaintiff in error that would imprison him under the ordinance, as is provided for by the ordinance No. 6, Sec. 17. We submit that the prosecution of the appellant under the criminal provision of the ordinance and his acquittal by a jury was the end of the case, without any right of appeal by the informer, as no cost was rendered against either the informer nor the village of Wayne City, neither is there any provision for an appeal by virtue of the ordinance.

Messrs. J. R. CREIGHTON and EDWIN BEECHER, for appellee.

The record plainly shows that suit was instituted to recover the penalty provided for the violation of an ordinance of the village of Wayne City. In such case it can not be enforced in any kind of criminal proceeding. The act might have been a crime (which it was not in this case), but the offense against the village of Wayne City was a violation of its ordinance, and for such violation this suit was brought, and there is no semblance of a crime about it.

That such is the law seems so clear it is almost an insult to the court to cite authorities; but that appellant may not say we are making assertions without proof, we refer to a few of the many cases to be found in our reports. In Hoyer v. Town of Mascoutah, 59 Ill. 137, the court said: "It has been repeatedly held by this court that a proceeding to collect a

penalty for the violation of a town ordinance is a civil suit. Such a penalty can not be recovered in any criminal proceeding." " The fact that the offense charged was assault and battery does not change the character of the proceedings. It is still a civil suit. The town only acquires jurisdiction because the offense is prohibited by ordinance." Citing Town of Jacksonville v. Block, 36 Ill. 507; Graubner v. City of Jacksonville, 50 Ill. 87. And in Town of Partridge v. Snyder, 78 Ill. 522, this language is almost literally repeated, quoting also from Ewbanks v. Town of Ashley, 36 Ill. 177.

In Starr & C. Ill. Stats. Chap. 79, Sec. 62, is the following:

" Appeals from judgments of justices of the peace to the Circuit Court, or County Court, if such jurisdiction shall be conferred upon the County Court by law, shall be granted in all cases, except on judgment confessed." See also same section, R. S. of 1874, 647. This statute was examined and construed in Partridge v. Snyder, 78 Ill. 519, and after a full review of all the decisions it was held plaintiff has the right of appeal. This case has never been questioned, so far as we can learn.

The case of Webster v. People, 14 Ill. 365, also fully sustains us, if additional support were needed. In that case Caton, J., said: " Even in cases of assault and battery, where the complainant has no pecuniary interest, and where no judgment for costs is rendered against him, he is still allowed to appeal to the Circuit Court, and compel the defendant again to answer there for the same offense for which he was tried in the justice's court."

As answer to the case of Ward v. People, 13 Ill. 635, and Edward v. Vanderneck, Id. 533, we say they were fully discussed by the court in Partridge v. Snyder, *supra*. There the court said these cases were decided under a law not now in existence, and virtually overruled them.

GREEN, P. J. As stated by appellant, the question submitted to us for decision is, had the Circuit Court jurisdiction to entertain the appeal and put appellant on trial for a violation of the village ordinance (by using profane and obscene language, etc.), notwithstanding he was acquitted of said charge by a jury in the justice's court?

It is contended on behalf of appellant that he was there tried upon a *criminal* charge, and having been acquitted, no right to appeal on behalf of the village is given by the statute.

The complaint charged appellant with a violation of Sec. 2, Ordinance 8, of the village ordinance; it did not charge him with any crime, or violation of any provision of the criminal code of this State, and although the warrant issued under said complaint ran in the name of the people, it commanded his arrest to answer the charge made in the complaint and none other. The mode adopted to bring into court one charged with such violation of an ordinance, whether it be by summons or warrant, does not change the character of the action. The authority to issue a warrant in such cases is given for the purpose of procuring the presence in court of defendants, who might not appear in obedience to the command of a summons, and also to secure a speedy disposition of the suit.

We have no doubt this action is a civil suit, brought to recover the penalty provided for violating the provisions of the ordinance in question, and such has been the character given to like cases by our Supreme Court. Hoyer et al. v. Mascoutah, 59 Ill. 137; Graubner v. Jacksonville, 50 Ill. 87; Town of Partridge v. Snyder, 78 Ill. 519. Being a civil suit before a justice of the peace, the right to appeal is given either party by Sec. 62, Chap. 79, Starr & C., Ill. Stats. Town of Partridge v. Snyder, *supra;* Webster v. People, 14 Ill. 365.

It is objected the action was not brought in the name of appellee, and the title of the suit was changed after it came up to the Circuit Court. The transcript of the justice's docket read in evidence shows the title, "Village of Wayne City v. L. Knowles—Violation of Ordinance," and *it is the* same in the Circuit Court. The objection to the appeal bond (if a bond by the village in such cases is required) should have been made in the court below, and an opportunity given to furnish a good bond; it comes too late here. We perceive no reason for reversing the judgment appealed from, and affirm the same.

*Judgment affirmed.*