## Michael J. McLain v. City of Chicago.
## Michael J. McLain v. City of Chicago.

### Gen. Nos. 12,544 and 12,545.   Consolidated for Hearing.

1. CONVICTION OF CRIME—*what affects credibility.* It is only the conviction of an infamous offense that disqualified a witness at common law, and it is only evidence of the conviction of an infamous offense that can, under the statute, be shown for the purpose of affecting the credibility of a witness.

2. CONVICTION OF CRIME—*what affects credibility.* A conviction of petty larceny disqualified a witness at common law, and may therefore, under the statute, be shown to affect the credibility of such witness, by the witness himself.

3. WITNESS—*when child of nine years competent.* A child of nine years is competent where it appears to have sufficient knowledge of the nature, obligation and effect of an oath.

Actions of debt.  Appeals from the Criminal Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1905.  Reversed and remanded. Opinion filed June 26, 1906.

FRANCIS M. LOWES and THOMAS MARSHALL, for appellant.

HOWARD S. TAYLOR and WILLIAM J. MURPHY, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee began before a justice of the peace two actions of debt against appellant, each to recover a penalty for a violation of an ordinance of the city of Chicago.  The cases were taken to the Criminal Court by appeal and were there tried together and in each case there was a verdict finding the defendant guilty of a violation of said ordinance and assessing " the penalty at the sum of two hundred dollars."  A motion for a new trial was in each case over-ruled and judgment entered upon the verdict, and from each judgment the defendant took an appeal to this court. The cases were by agreement heard together in this court, upon the same transcript, abstract and briefs.

Harry Crouch was a witness in both cases for the plaintiff and his testimony in each case was material and impor-

tant. On his cross-examination counsel for the defendant made the following statement to the court: "If the court please, I am informed that this witness was convicted for stealing harness, and has served a term in the Bridewell, and I would like to ask him if he was not so convicted and served a term in the Bridewell."

And the court said: "That is improper and I will not let you go into that." To which ruling of the court counsel for McLain excepted.

A proceeding to collect a penalty for the violation of a city ordinance is a civil suit. Hoyer v. Mascoutah, 59 Ill. 137.

Section 1 of the Act "in regard to evidence and depositions in civil cases 'provides,' that no person shall be disqualified as a witness because of his conviction of any crime, but such conviction may be shown for the purpose of affecting the credibility of such witness; and the fact of such conviction may be proven like any fact not of record, either by the witness himself (who shall be compelled to testify thereto) or by any other witness cognizant of such conviction, as impeaching testimony."

It is only the conviction of an infamous offense that disqualifies a witness at common law, and it is only evidence of the conviction of an infamous offense that can, under the statute, be given for the purpose of affecting the credibility of a witness. Matzenbaugh v. The People, 194 Ill. 108; Bartholomew v. The People, 104 id. 601.

All crimes were not infamous at common law, and it was the infamy of the crime and not the nature or mode of the punishment that rendered the witness incompetent. Grand larceny is punishable by imprisonment in the penitentiary, petty larceny by imprisonment in the county jail or house of correction, and the proof offered and excluded was therefore proof that the witness had been convicted of petty larceny only.

Section 7 of Division 2 of the Criminal Code provides that every person convicted of certain crimes therein named, including "larceny," shall be deemed infamous and be incapable of holding office or voting at any election.

McLain v. City of Chicago.

Petty larceny at common law is a felony and the offender an incompetent witness after conviction and sentence. Rex v. Davis, 5 Mod. 75; Sylvester v. State, 71 Ala. 25; Lyford v. Farrar, 31 N. H. 316; 16 Eng. and Amer. Encyc. of Law, 2nd Ed., 946.

The statute declares that a person convicted of larceny shall be deemed infamous and makes no distinction between grand and petty larceny. The common law made none.

The purpose of the statute in relation to evidence and depositions is only to remove the common law disability and allow witnesses to testify who were thereby excluded. It neither directly nor by implication enlarges or diminishes the class of cases wherein convictions discredit the witness. Bartholomew v. The People, *supra*. As conviction of petty larceny disqualified a witness at common law, it may, we think, under our statute be shown to affect the credibility of the witness, by the witness himself.

It follows that in our opinion the court erred in refusing to permit the defendant to prove by the witness himself that he had been convicted of petty larceny. Gage v. Eddy, 167 Ill. 102.

The statute as to evidence and depositions applies only to civil cases. Section 6 of Division 42 of the Criminal Code, which provides that no witness shall be disqualified in a criminal case because of his having been convicted of any crime, but such conviction may be shown for the purpose of affecting his credibility, contains no provision similar to the provision in section 1 of the Act in relation to evidence and depositions, and in criminal cases the conviction must be proved as at common law. Bartholomew v. The People, *supra*.

The witness Irene Dorothy Cogan was nine years old, had attended the public schools, and we think showed sufficient intelligence and knowledge of the nature, obligation and effect of an oath to make her a competent witness.

The judgment of the Criminal Court in each case will be reversed and the cause remanded.

*Reversed and remanded.*