## City of Chicago, Defendant in Error, v. Poney Moore, Plaintiff in Error.

## Gen. No. 16,198.

1. ORDINANCES—*power of city to prohibit sale of intoxicating liquors.* *Held,* that a city has power to prohibit the sale or giving away of intoxicating liquors in theatres, etc., regardless of whether it has power to authorize the mayor to grant a special permit so to do.

2. ORDINANCES—*effect where reiterates statute.* That an ordinance is a reiteration of a statute does not make the ordinance void.

3. ORDINANCES—*effect of defective complaint.* Even though the complaint filed may be defective, a prosecution for a violation of a city ordinance as a 5th class case is not affected as no written complaint is necessary to authorize such prosecution.

4. ORDINANCES—*when evidence presumed to support conviction.* In default of any bill of exception showing the evidence, it is to be presumed that whatever the complaint, the evidence justified the verdict that the defendant had violated the ordinance and justified the judgment based on such verdict.

Error to the Municipal Court of Chicago; the HON. JUDSON F. GOING, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed April 29, 1912.

LOUIS GREENBERG, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HARRY M. SELIGMAN, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error, Moore, was convicted by a jury of a violation of Section 117 of the Revised Municipal Code of Chicago and his fine assessed by the jury at fifty-five dollars. He sues out this writ of error in an attempt to reverse the judgment for fifty-five dollars and costs against him in favor of the City of Chicago and entered on this verdict. He assigns for error

(reversing the order in which his counsel have stated the points):

*First.*   That Section 117 of the Municipal Code is a void ordinance.

*Second.*   That the complaint failed to charge a violation of Section 117 of the Municipal Code.

The first point is differently stated, however, by him.   His assignment of error is: "The ordinance of the City of Chicago granting special permits to sell intoxicating liquors is void."

His brief and argument phrases the point in these three forms:

"The Mayor is not given authority to issue special permits to sell intoxicating liquors."

"The Legislature did not confer authority upon the Mayor to issue special permits to sell intoxicating liquors."

"Hurd's Revised Statutes, Section 63, Clause 46" (referring undoubtedly to this Section and Clause in the City and Villages Act) "does not authorize the municipality to pass an ordinance giving the Mayor the power to grant special permits to sell intoxicating liquors."

We do not think that the question shown by the language used by counsel for plaintiff in error to be the one he wishes to discuss, arises in this case.

The effect of a permit granted by the Mayor is not in question.   The plaintiff in error did not have any permit to sell, void or valid, so far as appears, from the Mayor or Council or from anybody or person whatever.

Section 117 of the Municipal Code is as follows:

"It shall not be lawful for any person to sell or give away any spirituous, vinous, malt or other intoxicating liquors in any theatre, hall, building, structure or premises in which public entertainments are given for gain, nor in any room or rooms connected with the

City of Chicago v. Moore, 170 Ill. App. 163.

same, without a special permit from the Mayor, under a penalty of not more than one hundred dollars for each offense.''

Whether or not the City Council had power, under the police power or under the City and Villages Act, to pass an ordinance giving the Mayor authority to grant permits to sell or give away spirituous liquors in the places named in this ordinance, it had, we think, power from both of these sources to pass an ordinance forbidding such sale or giving away in these places named. This is what the ordinance did, so far as we are concerned with it in this case. It did not cover the ground completely and forbid such sale or gift entirely; but the power to do the greater thing covers the power to do the lesser. It forbade the sale under certain conditions, and it was under those conditions that the verdict and judgment here, in the absence of any bill of exceptions, show that Moore sold or gave away spirituous liquor. Therefore he was guilty under this ordinance. Even if the ordinance is a reiteration of statute law, that does not make it void as an ordinance. Nor do the words in the ordinance, ''without a special permit from the Mayor,'' whatever the authority or want of authority of the Mayor to grant special permits, prevent the ordinance from containing a valid prohibition when no such permit is granted.

As to the second point, it does not matter whether the written complaint was defective or not. It charged the plaintiff with selling or giving away liquors in violation of Section 117, etc., but in specifying the place as ''a hall in the rear of 41 West 31st street,'' did not allege that the hall was a place ''in which public entertainments are given for gain.''

No written complaint was necessary in this case to authorize its prosecution. It was a case of the fifth class, and could have been prosecuted by the City without any written pleadings if it had chosen to summon instead of to arrest the defendant. (Sec. 49

of the Municipal Court Code). To justify the arrest or a warrant for the arrest, a written complaint had to be made, but the right to make the arrest is not in question here. What is questioned is the validity of the judgment rendered after the defendant was in court and had given a recognizance for his appearance. In default of any bill of exceptions showing the evidence, it is to be presumed that whatever the complaint, the evidence justified the verdict that the defendant had violated the ordinance, and justified the judgment based on said verdict. The suit was not a criminal but a civil one. City of Chicago v. Streeter, 152 Ill. 463. The practice and rules concerning such actions do not differ under the Municipal Court Act from those applicable to such actions before Justices of the Peace before the Municipal Court Act was passed.

This Court, speaking through Judge Moran, in the case of Chicago v. Kenney, 35 Ill. App. 57, very clearly expressed its views concerning the law in a similar case, and held that however a defendant charged with violating a city ordinance was brought before a magistrate, the magistrate would have jurisdiction of the parties and might proceed to the trial and determination of the case.

In Harbaugh v. City of Monmouth, 74 Ill. 367, the Supreme Court said in relation to a violation of a city ordinance against selling liquor: "It was a matter of no moment whether the complaint was technically correct or not; the real question before the jury was whether there had been a sale by appellant in violation of law, without regard to whether the evidence corresponded with the complaint or not."

The same case is not entirely without bearing on the validity of the ordinance. The identical question was not involved, but an analogous one seems to have been.

The ordinance, the violation of which was asserted, was against the sale of liquors absolutely. The power given by the Legislature to the City of Monmouth was

to prohibit such sale "except for medicinal, mechanical and manufacturing purposes." The Supreme Court says, p. 370: "Even if it were true, as contended, that the ordinance embraced sales that the Council had no power to prohibit, we perceive no reason why it may not be enforced to the full extent that the City Council had power to legislate on the subject."

In the Monmouth case the City Council was alleged to have gone beyond its power of prohibition; but the ordinance, it was held, even in such case, was good so far as it fell within that power. In the present case it is alleged, in effect, that the City Council did not go to the full extent of its power. Why is the ordinance not good as far as it goes in that power?

The judgment of the Municipal Court is affirmed.

*Affirmed.*