Barney Benson, Appellee, v. Chicago Railways Company, Appellant.

Gen. No. 18,033.

1. Evidence—*impeachment of witness.* Plaintiff cannot be asked on cross-examination whether he had been convicted of the crime of manslaughter.

2. Damages—*when excessive.* Where plaintiff, a man fifty-four years old, weighing 313 pounds, is injured by being thrown from a buggy in a collision with a street car, and though the evidence shows he was bruised on the head and four ribs were broken there is no evidence to show that his earning capacity is decreased and the only evidence as to whether the injuries are permanent is based on hypothetical questions stating that the subsequent symptoms "did not seem to improve," a judgment for $3,500 is excessive and a remittitur of $1,500 is ordered.

Appeal from the Circuit Court of Cook county; the Hon. Samuel C. Stough, Judge, presiding. Heard in the Branch Appellate Court

at the October term, 1911. Affirmed on remittitur. Opinion filed May 8, 1913.

Frank L. Kriete, Joseph D. Ryan and William H. Symmes, for appellant; John R. Guilliams, of counsel.

John C. King and James D. Power, for appellee.

Mr. Justice Fitch delivered the opinion of the court.

On April 26, 1910, about midnight, plaintiff and another man were going north on Sangamon street near Grand avenue in a single top buggy. There is a double street car track in Grand avenue, and as they came up to the crossing, plaintiff, who was driving, said he looked in both directions and saw nothing. A little further along, before the horse reached the first track, plaintiff looked again and saw a car, nearly a block east, coming towards him rapidly on the north track. His horse was trotting and he judged that he had plenty of time to cross ahead of the car. As the horse passed over the south track, however, plaintiff noticed that the street car was very close to him, and he struck the horse with the reins. The horse jumped forward and cleared the tracks, but the car struck the hind wheel of the buggy, overturned it, and plaintiff and his companion were thrown to the ground. Plaintiff was a large man, weighing over 300 pounds. He was unconscious when picked up, and was taken to a hospital. He was cut and bruised on the head and shoulders and four ribs were broken. From a judgment in his favor for $3,500, the defendant railway company appeals.

It is insisted by appellant's counsel that plaintiff was guilty of a want of ordinary care and of contributory negligence, in attempting to cross ahead of the street car, under the circumstances. Ordinarily, these are questions of fact for the jury to determine, and

this court is not authorized to reverse the finding of the jury as to such facts unless, from a careful review of the evidence, the court is of opinion that the verdict is clearly and manifestly against the weight of the evidence. We have studied the abstract and carefully noted the argument of counsel regarding the alleged want of care and alleged contributory negligence of plaintiff, and find ourselves unable to say that the verdict is manifestly against the weight of the evidence. As frequently happens in such cases, the evidence shows exaggeration in some respects on both sides. In weighing the evidence, however, due allowance must be made for the admitted fact that it was a dark and rainy night, when any witness might easily be deceived as to exact distances and rates of speed. Bearing this in mind, we think there is nothing unreasonable or improbable in the story of plaintiff's witnesses, which, in its main features, is contradicted only by the evidence of the motorman. The version of the accident given by the motorman is contrary to that given by two passengers who stood beside him upon the front platform of the street car. The trial court and the jury saw these witnesses and heard them testify, and were in a better position to judge of their credibility than we are.

It is next urged that the court erred in refusing to allow plaintiff to be asked on cross-examination whether he had been convicted of the crime of manslaughter. In *Bartholomew v. People,* 104 Ill. 601, in construing section 6 of division XIII, of the Criminal Code, which permits a conviction to be shown for the purpose of affecting the credibility of a witness in a criminal case, the court held that the kind of conviction which might be shown under that section of the statute, is a conviction of an infamous crime, and said that manslaughter was not deemed infamous either at common law or under the statutes of this state. In *People v. Russell,* 245 Ill. 268, the court said (p. 275): "Whether or not a crime is infamous in this state de-

pends not upon the common law but upon the statute.'' That case also includes manslaughter as among the crimes not classed as infamous (Ibid 278). In *Burke v. Stewart,* 81 Ill. App. 506, the Appellate Court of the Second District held that the rule announced in the *Bartholomew* case, *supra,* is also applicable to section 1 of chapter 51 of the Revised Statutes, which prescribes the rule in civil cases. See also *Clifford v. Pioneer Fireproofing Co.,* 232 Ill. 150. We do not regard the case of *McLain v. City of Chicago,* 127 Ill. App. 489, as opposed to this view, for the reason that the conviction which it was there held could be shown to affect the credibility of a witness was a conviction for petit larceny, which was an infamous offense, both at common law and under the statute in force at that time. See *People v. Russell, supra.* In our opinion, there was no error in the ruling of the trial court in this respect. Other minor errors in the admission or exclusion of evidence are alleged, but we see no reversible error among those assigned and discussed in the briefs of counsel.

It is urged that the fifth instruction given on behalf of plaintiff, relative to damages, is erroneous. Since the briefs in this case were written, the Supreme Court has approved this identical instruction in *Thompson v. Northern Hotel Co.,* 256 Ill. 77, upon facts similar to those here involved. Upon the authority of that case, we think there was no error in giving the instruction. As to the two refused instructions concerning which complaint is made, we think they were substantially covered by the instructions given.

It is further claimed that the verdict is excessive. We are inclined to agree with this contention. There is no evidence in the record as to plaintiff's earning capacity, beyond the mere fact that he testified that he was a contractor, and no evidence to show whether he is earning more or less now than before the accident. Appellee's counsel, without describing the physical injuries sustained by plaintiff, refer us to the

hypothetical question put to Dr. Cox, as containing a fair statement of such injuries. That question, in substance, directed the doctor to assume that a man fifty-four years old, weighing 313 pounds, was riding in a buggy across a street car track, that the rear wheel of the buggy was struck by a street car going 18 or 20 miles an hour, the buggy overturned and the man thrown to the ground, that he became unconscious and regained consciousness eight hours later, that he had a wound on the left side of his head, and bruises on his back and side, that four ribs on his right side were broken, that he suffered pain in the head, in the side, and in the ear, and had a "whistling sensation" and pain in his left ear, which continued up to the time of the trial, that the pain in the back is along the spinal column, and is constant, that his back is stiff and "does not seem to improve," that the hearing in his left ear has been impaired, and that prior to the accident he had none of these symptoms. Dr. Cox testified that in his opinion the injuries described in the hypothetical question were permanent. But he said that he based this opinion upon the statement in the hypothetical question that the symptoms described "did not seem to improve." Upon the trial plaintiff himself ascribed certain other injuries, from which he was suffering, to this accident, but his counsel distinctly repudiated any such claim, and we think properly so, as it appeared that such other injuries existed before the accident happened. It also appeared that he previously suffered from rheumatism. Under the circumstances, we cannot but feel that the amount of the verdict is considerably more than plaintiff is entitled to upon any theory of fair compensation for injuries actually sustained. If, therefore, the plaintiff will file a remittitur of $1,500 in this court within ten days, the judgment will be affirmed; otherwise it will be reversed and the cause remanded for a new trial.

*Affirmed on remittitur; otherwise reversed and remanded.*