### Village of New Athens, Appellee, v. William Casperson, Appellant.

MUNICIPAL CORPORATIONS, § 860*—*what is nature of prosecution
under ordinance to recover fine for indecent exposure.* A prosecu-
tion under a village ordinance to recover a fine for indecent exposure,
*held* to be a civil action, and that consequently a judgment imposing
a penalty entered on the return of a verdict simply that the jury
found the defendant was guilty, without fixing the penalty, was
erroneous, as only the jury can fix the penalty in such a case.

Appeal from the Circuit Court of St. Clair county; the Hon.
GEORGE A. CROW, Judge, presiding. Heard in this court at the March
term, 1916. Reversed and remanded. Opinion filed November 13,
1916.

A. B. DAVIS, for appellant.

OTWELL & LINDAUER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion
of the court.

Appellant was arrested and prosecuted under a
village ordinance, by appellee, for indecent exposure
of his person in a public place. He was tried before a
justice of the peace, who found him guilty of the of-
fense and assessed a fine of ten dollars and costs. On
an appeal to the Circuit Court, a trial was had by jury
and the jury were instructed by the court, if they found

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

appellant guilty, the form of their verdict should be: "We the jury find the defendant guilty." The jury found appellant guilty and returned their verdict in the form as given. A motion for a new trial was overruled and judgment entered against appellant and the surety on the appeal bond for ten dollars and costs.

Appellant complains in this court that the trial court erred in its instructions as to the form of verdict and that it was for the jury and not the court to fix the penalty. This was clearly a civil action governed by the rules of civil procedure, and therefore the jury alone could determine the amount of the penalty. In *Hoyer v. Town of Mascoutah,* 59 Ill. 137, the court stated in its opinion: "It has been repeatedly held by this court that a proceeding to collect a penalty for the violation of a town ordinance is a civil suit. Such a penalty cannot be recovered in any criminal proceeding. *Town of Jacksonville v. Block,* 36 Ill. 507; *Graubner v. City of Jacksonville,* 50 Ill. 87. The fact that the offense charged was assault and battery does not change the character of the proceedings. It is still a civil suit. The town only acquires jurisdiction because the offense is prohibited by ordinance." See also, *City of Chicago v. Knobel,* 232 Ill. 112; *McLain v. City of Chicago,* 127 Ill. App. 489. In *City of Chicago v. Kenney,* 35 Ill. App. 57, it was held: "The proceeding must be in the corporate name of the city, and is a civil action in form, debt, and governed in all respects by the rules of procedure in civil cases. *Israel v. Town of Jacksonville,* 1 Scam. 290; *Town of Lewiston v. Proctor,* 27 Ill. 414; *Town of Havana v. Biggs,* 58 Ill. 483; *Town of Partridge v. Snyder,* 78 Ill. 519; *Webster v. People,* 14 Ill. 365."

As this must be regarded as a civil action, it follows that the court had no authority, in the absence of a statute conferring power to do so, to fix the amount due the village as penalty or debt, and that such amount

should have been determined by the jury and included in their verdict. For the error above indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*