## THE PEOPLE *against* COCHRAN.

Where a person had been convicted on an indictment for an assault and battery, and the attorney general moved for judgment, but showed no circumstances attending the offence, by which the court could judge of the degree of punishment which ought to be inflicted, a mere nominal fine was imposed.

THE defendant was indicted for an assault and battery, at a general sessions of the peace, in the county of Otsego. He removed the indictment into this court by *certiorari*, and issue being joined on the plea of not guilty, it was carried down to be tried at the last circuit in that county, by *nisi prius.* On the trial, the defendant appeared, and was convicted upon his own confession, in open court.

The record being returned, the Attorney General moved for judgment, but neither he, nor the prosecutor offered any evidence in aggravation, nor the defendant in extenuation of the offence.

*Per Curiam.* No circumstances attending the offence on either side being shown, the court have no criterion by which to regulate their discretion in fixing the punishment. We are therefore bound to consider it as a common offence ; and, accordingly, impose a fine of one dollar.

*LANSING, Ch. J. dissented.* He was of opinion [*74] that a higher fine ought to be imposed.(*a*)

117 ; *Ex parte Bostwick*, 1 Cowen, 143 ; *Bank of Columbia* v. *Sweeny*, 1 Peters, 567. See also note to *Fish* v. *Weatherwax, infra*, 215.

(*a*) When the prisoner pleads guilty, and the court have no means of determining the extent of the offence charged, the practice is for the court to receive such affidavits as may be offered in aggravation or extenuation thereof. *People* v. *Watts*, MSS. April term, 1843, N. Y. Gen. Sessions; *People* v. *Childs*, MSS. June term, 1844, same court.