ANDREW J. MORTON, Plaintiff in Error, *v.* THE PRESIDENT AND TRUSTEES OF THE TOWN OF PRINCETON.

### ERROR TO BUREAU.

If a town ordinance made it a penal offense to ride or drive any horse furiously, in any street, the motive of a person, on trial for offending the ordinance, is proper for the consideration of the jury, where a discretion is allowed, in fixing the punishment.

THIS cause was tried before LELAND, Judge, and a jury, at March term, 1855, of the Bureau Circuit Court, and resulted in a verdict and judgment against the plaintiff in error, finding him guilty of a violation of the ordinance, and fixing his

penalty at seven dollars. The opinion states the facts of the case.

TAYLOR and STIPP, for Plaintiff in Error.

GLOVER and COOK, for Defendant in Error.

SKINNER, J. This was an action of debt for the violation of a town ordinance. The plaintiff below proved the charter of the town of Princeton, which provides:

"SEC. 6. The board of trustees shall have power to prevent and remove obstructions in the streets and side walks, and to prevent injuries thereto; and also, to prevent improper and immoderate riding and driving, and to prescribe and ordain suitable fines, penalties and forfeitures for offenses against such by-laws, rules, regulations and ordinances, and the provisions of this act, not exceeding ten dollars for any one offense."

An ordinance passed by the town of Princeton, which provides:

"ART. 13. If any person shall run, ride or drive any horse or horses, furiously, in any street, alley or lane of said town of Princeton, he shall forfeit and pay for every such offense, not less than two, nor more than ten dollars."

"ART. 21. All fines, forfeitures and penalties for the breach of any of the laws or ordinances of said corporation, may be recovered before any justice of the peace, by action of debt, in the name of the president and trustees of the town of Princeton, and collected by execution, as other judgments of justices of the peace."

And further gave in evidence testimony tending to prove that, on the first day of August, A. D. 1854, the said defendant rode a certain horse furiously along a certain street of the town of Princeton, and that the defendant was then and there trotting a race therein, with one Witherby. And the defendant, to maintain the issue on his part, gave in evidence testimony tending to prove that, at the time and place mentioned in the plaintiff's testimony, he did not ride the horse furiously along the street, and was not trotting a race with said Witherby.

The court refused to give, on the part of the defendant below, to the jury, the following instruction:

"The object of the defendant's trotting in the streets of Princeton, has nothing to do with the guilt or innocence of the defendant; the only question for the jury, in order to determine the guilt or innocence of the defendant, is, whether such trotting was furious, and such as to endanger persons or

property in the streets of Princeton; the object or motive of the defendant in trotting his horse, can only be considered by the jury on the question of debt, or amount of fine, they will assess against the defendant, if they should believe, from the evidence, that such trotting was furious, and calculated to endanger persons or property in the street."

The ordinance is a police regulation, intended for the good order of the town, and the security of persons and property therein, from accident and injury.

The true question was, did the defendant voluntarily ride furiously in a public thoroughfare of the town, with such rapidity as was calculated to annoy or terrify others, or to endanger the safety of persons or property. If he did, he was guilty of violating the ordinance, and his motive, whether pleasure, business, mischief, or terror and annoyance, was proper for the consideration of the jury in determining upon the appropriate penalty to be inflicted, by way of punishment, for the public wrong. The instruction should have been given.

Judgment reversed and cause remanded.

*Judgment reversed.*