THE PEOPLE ex rel. Louis Gross

v.

MADISON T. STOOKEY, Treasurer, etc.

*Filed at Ottawa May 14, 1881.*

1. COUNTY—*not liable for jury fees in city courts.* The fees of grand and petit jurors for services in city courts are not made a charge upon the county treasury, but they are required to be paid out of the treasuries of cities in which such courts are held.

2. STATUTE CONSTRUED—*as to payment of jury fees.* Section 44 of the act concerning Fees and Salaries, which requires the payment of the fees of grand and petit jurors for services in attending "courts of record, including county courts when doing probate business," does not repeal sec. 209 of the chapter entitled "Courts," which requires that the fees of jurors of city courts shall be paid out of the city treasury, etc. In enacting the first named section, the General Assembly were legislating as to the circuit courts and the Superior Court of Cook county, and not as to city courts.

This is a petition for a *mandamus*, filed by the relator against Stookey, treasurer of St. Clair county. The facts upon which the right sought to be enforced rests, are stated in the opinion of the court.

Mr. M. MILLARD, for the petitioner.

Mr. MARSHALL W. WEIR, for the respondent.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This is a petition for a *mandamus* against the county treasurer of St. Clair county, to compel him to pay relator $7.50, for which amount he holds a certificate from the clerk of the City Court of East St. Louis, for five days' service as a juror in that court. He contends that the warrant is payable out of the county treasury, whilst the treasurer insists that it must be paid from the city treasury.

Whilst the amount involved is trifling, the case involves the construction of sections of different statutes. Section

209 of the chapter entitled "Courts," Revised Statutes 1874, p. 347, under the division "City Courts," provides: "The fees of grand and petit jurors of such courts shall be paid out of the city treasury, of the city in which such courts are respectively situate, upon the certificate of the clerk of the respective courts."

This section is clear and unambiguous, and requires no construction. But if a doubt can exist, it grows out of the act of 1879, (Sess. Laws, p. 164,) amending the Fees and Salaries act. The amendment is to the 44th section, and is this: "There shall be allowed and paid to grand and petit jurors, for their services in attending courts of record, including the county court when sitting for or doing probate business, each, the sum of one dollar and fifty cents per day, * * * to be paid out of the county treasury." It is claimed that this amendment is in conflict with, and thereby repeals, the 19th section of the City Court act. This enactment could not produce that effect, because it did not change the law as it stood when the amendment was adopted, as to whether the city or county should pay for the service of jurors in county courts. The 44th section of the Fees and Salaries act, (Rev. Stat. 1874, p. 519,) provides that grand and petit jurors attending courts of record, shall be paid for their services out of the county treasury, precisely as does the amendatory act of 1879. In that there is no change.

It will be observed that the act of 1879, in terms, refers to "courts of record, including the county court," but omits to refer to city courts. It is thus manifest that the General Assembly were legislating as to the circuit courts and the Superior Court of Cook county, or they would not have expressly named the county court. It was a court of record of more importance, with a jurisdiction over the entire county, than city courts, extending only to the limits of the city. If intended to include all courts of record, why name county courts? And if to extend its operation beyond circuit courts and county courts, why not name city courts? To our

minds, it is manifest this latter act was not intended to include city courts.

The circuit and Superior Courts and county courts are co-extensive with the county, and are open to all of the inhabitants of the county for the protection of their rights, and it is eminently just and proper that the expenses of such courts should be met from the county treasury.

On the other hand, city courts are local in their territorial jurisdiction, are only open to persons in the city, and are maintained for the interest or convenience of the people in the city; and, for that reason, it would be unjust to impose the burthen of maintaining them on the people of the county, who have no benefit from or interest in such courts. It would be no more unjust to require all of the expenses of the city government to be paid from the county treasury.

We can not, therefore, believe, from the language of the amendatory act, that it was the purpose to impose this burthen on the county. The language of the statute does not require it, and to accomplish so unfair, not to say unjust, a result, we do not feel inclined to give a strained or even a liberal construction to the amendatory act.

The petition is denied, and the writ is refused.

*Mandamus denied.*