35 LRA568n

156   301
79a  120

FRANK BECKER *v.* THE PEOPLE *ex rel.* Lucious O. Wilson

and

HENRY E. WILLMOTT *v.* THE PEOPLE *ex rel.* Jas. Murphy.

*Filed at Ottawa May 15, 1895.*

1. OFFICERS—*tenure of justices in towns annexed to a city.* Justices of the peace elected in a town for four years are entitled, under section 32, article 6, of the constitution, and also under section 16 of the annexation act, to hold for their entire terms, notwithstanding the annexation of the town to a city and the provision for the appointment of justices for the town by the Governor.

2. SAME—*justices appointed by Governor succeed those previously elected.* Justices of the peace appointed and commissioned by the Governor in a town annexed to a city are the legal successors in office of the justices previously elected in such town, so as to prevent the latter from continuing in office after the expiration of their terms on the ground that their successors have not qualified.

3. SAME—*effect of appointment of other justices before terms expire.* The facts that justices are appointed while the terms of previously elected justices are still running, and that the circuit court has not designated, as required by statute, the justices with whom such elected justices shall deposit their dockets, do not operate to continue such previously elected justices in office.

4. SAME—*usurping justice not a de facto officer.* Justices who exercise the functions of their office after the expiration of their terms and after their legal successors have duly qualified, are not even officers *de facto*, but mere usurpers, without even the color of office.

5. CRIMINAL LAW—*usurping office of justice—extent of fine warranted.* A fine of $1000 imposed upon a justice of the peace assuming to act as such, after the expiration of his term, without color of office, is not excessive, in view of the disastrous consequences of his acts to those affected.

*Becker* v. *People ex rel.* and *Willmott* v. *People ex rel.* 55 Ill. App. 285, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

J. D. RILEY, for appellants :

The term of office is fixed, in case of appellants, at four years, and until their successors shall be qualified.

*Eddy* v. *County Comrs.* 15 Ill. 376; *In re Welsch,* 17 id. 161; *People* v. *Dubois,* 23 id. 498; *Ex parte McCollum,* 1 Cow. 550; *Commonwealth* v. *Gamble,* 62 Pa. St. 343; 19 Am. & Eng. Ency. of Law, 562.

The incumbent is entitled to hold over until a duly qualified successor presents himself. *People* v. *Trustees,* 51 Ill. 149; *Soucy* v. *People,* 113 id. 109; 19 Am. & Eng. Ency. of Law, 562, and cases cited.

JACOB J. KERN, State's Attorney, and T. A. COFFEY, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

These two cases, being substantially alike in all their facts, have been submitted upon the same briefs and arguments, and they will be considered and decided together. Both are proceedings by *quo warranto,* brought November 8, 1893, one against Frank Becker and the other against Henry E. Willmott, and each charging that the defendant therein named, for five months then last passed and more, had unlawfully held and executed, and was still holding and executing, without any warrant or right whatsoever, the office of justice of the peace in and for the town of Lake, in the county of Cook, and that during all that time the defendant had usurped, and was still usurping, the rights, privileges and duties of that office.

Each of the defendants, to show title to his office, set up, by way of plea to the information, that at a general election held in the town of Lake on the first Tuesday of April, 1889, he was duly elected to the office of justice of the peace in and for the town, and thereupon qualified by giving the bond and taking the oath of office prescribed by law, and was duly and legally commissioned by the Governor to hold the office of justice of the peace within the town of Lake "until the expiration of the regular term, being the first Monday in May, 1893, and

until his successor shall be duly elected and qualified to office ;" that no successor has been elected and qualified as successor of the defendant, and that no vacancy in the office held by the defendant has occurred.

By way of replication to this plea the State's attorney alleged, in substance, that on the 13th day of June, 1891, five persons, viz., John M. Moore, George W. Hotaling, John J. Hennessy, Peter Caldwell and Gustavus J. Tatye, were duly commissioned and qualified as justices of the peace in and for the town of Lake ; that afterwards, on the ninth day of August, 1893, James J. O'Toole was duly commissioned and qualified as a justice of the peace in and for the town of Lake, as the successor of Gustavus J. Tatye, who had then resigned ; that during all the time since the first day of May, 1893, the persons aforesaid, viz., John M. Moore, George W. Hotaling, John J. Hennessy and Peter Caldwell, together with Gustavus J. Tatye up to the time of his resignation, and James J. O'Toole from the date of his being commissioned and qualified as the successor of Tatye, have constituted the five justices of the peace of the town of Lake.

The cause coming on to be heard before the court upon the pleadings and evidence, both of the defendants were found guilty of unlawfully usurping the functions of justice of the peace of the town of Lake, and upon that finding judgment was rendered ousting and removing them from that office and imposing upon each a fine of $1000, and they were each required to deliver all dockets, books, files, papers and documents relating to their respective offices to a certain one of the justices of the peace above named. From these judgments the defendants appealed to the Appellate Court, and by that court both judgments were affirmed. The present appeals are from the judgments of affirmance.

The statute applicable to the town of Lake prior to its annexation to the city of Chicago, being section 1 of chapter 79 of the Revised Statutes, as amended in 1881,

provided that on the first Tuesday of April, 1885, and at each quadriennial election of town officers thereafter, there should be elected in each town two justices of the peace, and one additional justice for each 1000 inhabitants in excess of 2000, but that no more than five justices should be elected. It is not disputed that the population of the town of Lake in 1889 was such as to entitle it to elect five justices of the peace, and accordingly, at the election of town officers held in April, 1889, five persons, two of whom were the defendants, were duly elected to the office of justice of the peace in and for the town. The persons so elected were duly qualified and commissioned, and entered upon the discharge of their office.

Section 32 of article 6 of the constitution makes the terms of office of justices of the peace four years, and it also provides that they shall hold their office until their successors shall be qualified, and the appellants were, in pursuance of the constitution, commissioned by the Governor to hold their office until the first Monday of May, 1893, and until their successors should be duly elected and qualified.

After they were elected and commissioned, and after they had entered upon their terms of office, the town of Lake, under and in pursuance of the provisions of the annexation act of April 25, 1889, was annexed to and became a part of the city of Chicago. By section 28 of article 6 of the constitution it is provided that "all justices of the peace in the city of Chicago shall be appointed by the Governor, (but only upon the recommendation of a majority of the judges of the circuit, Superior and county courts,) and for such districts as are now or shall hereafter be provided by law." To carry into effect the terms of this constitutional provision, the General Assembly, by an act approved March 30, 1871, made it the duty of the judges of the circuit, Superior and county courts of Cook county, on or before April 1,

1875, and every four years thereafter, to recommend seven fit and competent persons in the town of West Chicago, seven in the town of South Chicago and four in the town of North Chicago, for appointment to the office of justice of the peace in and for those towns, respectively, and also made it the duty of the Governor to nominate, and by and with the advice and consent of the Senate to appoint, the persons so recommended as justices of the peace in those towns, respectively.

After the annexation of the town of Lake to the city of Chicago, the General Assembly, by act approved May 7, 1891, amended the foregoing act so as to also provide for the recommendation, nomination and appointment of five fit and competent persons to fill the office of justice of the peace in the town of Lake. The amendatory act, having been passed with an emergency clause, was in force from and after the date of its approval, and in pursuance of it the judges shortly thereafter recommended five persons, who were duly nominated, appointed and commissioned by the Governor as justices of the peace in and for the town of Lake. Those thus appointed included three of the justices elected in April, 1889, but the two appellants, not being appointed, claimed the right to hold the office of justice of the peace under their original commissions, and on that claim they continued to hold the office and to exercise its functions and duties, not only up to the expiration of four years from the date of their commissions, but, acting upon the theory that their successors had not been elected and qualified, they continued to hold their office and to exercise its powers and functions up to the time of the commencement of these proceedings against them.

We are of the opinion that notwithstanding the annexation of the town of Lake to the city of Chicago and the provision for the appointment of five justices of the peace for the town of Lake by the Governor, the defendants were entitled to hold the office to which they had

been elected and commissioned during the term of four years. This necessarily results from the provisions of section 32 of article 6 of the constitution, already referred to, by which it is declared that the terms of office of certain officers, including justices of the peace, shall be four years. (See *People* v. *Dubois,* 23 Ill. 498.) It would also seem to follow from the following provisions of section 16 of the annexation act : "When the whole or any part of such city, village or incorporated town shall be annexed to another city, village or incorporated town under the provisions of this act, then any justice of the peace or police magistrate, duly elected, qualified and acting at the time that annexation shall take effect, shall continue to hold their offices for the term for which they were respectively elected."

As the defendants, then, were entitled to hold their office for the term of four years and until their successors were qualified, the question presented here is, whether, at the time their term of four years expired, their successors had been qualified,—or, in other words, whether the five justices of the peace appointed and commissioned by the Governor, on recommendation of the judges, are the legal successors in office of the five justices of the peace formerly elected in the town of Lake at the quadriennial election of town officers. That they are so, does not, as we think, admit of doubt.

Two modes of selecting persons to hold the office of justice of the peace are provided by the constitution. The first is by election, and applies to all parts of the State outside of the city of Chicago. The other is by nomination and appointment by the Governor, and that mode applies to all justices of the peace within the city. In no part of the State are the two modes concurrent, but whenever any territory is brought into the city by annexation, the justices of the peace in and for such territory cease to be elective, and become subject to appointment by the Governor in the mode prescribed by the

constitution. Necessarily the justices so appointed take the place of those formerly designated by election, and thus become their successors. Were it otherwise, those holding the office by election at the time the annexation takes place could have no successors, and their tenure of office would thus become perpetual. The change in the mode of selection manifestly creates no new office, but merely provides a new way of filling an office already in existence, and whenever and in whatever way a new incumbent is legally supplied, he becomes, on the expiration of the term of office of the former incumbent, his successor in office.

We are unable to see that the situation is materially changed by the fact that the five justices of the peace for the town of Lake were appointed by the Governor in 1891, while the defendants' terms of office ran until the first Monday in May, 1893. Let it be admitted that until the latter date none of those appointed could legally claim to be the defendants' successors, and that up to that date the defendants had the right, under their commissions, to hold the office and exercise its functions. The moment, however, their terms expired, those already appointed and in office succeeded, by operation of law, to their places, and became from that time forth the only justices of the peace in and for the town. It is not necessarily an objection to the position and rights of a successor that his selection and qualification preceded the expiration of the term of office of his predecessor. The question is, whether he has been inducted into and holds the office under circumstances which legally entitle him to exercise its functions in the place and stead of him whose term has expired.

But it is urged that the defendants' successors had not been qualified at the time of the commencement of these proceedings, because, up to that time, the circuit court of Cook county had failed to designate some other justices of the peace as the ones with whom the defend-

ants should deposit their dockets, books, papers, etc.
The sixteenth section of the annexation act provides
that "at the expiration of the term of office of such jus-
tices of the peace or police magistrates all dockets and
books, papers and files of their respective offices shall
be filed and deposited with any justice of the peace of
the city, village or incorporated town to which such ter-
ritory is annexed, that the circuit court of the county
shall designate by order of the court."

It is not pretended that any order was entered by the
circuit court designating the justice of the peace with
whom the defendants should deposit their dockets, etc.,
until such order was entered as a part of the final judg-
ments in these cases, and it is claimed that until that
was done no successor can be said to have been properly
qualified, and that the defendants were consequently
entitled to continue to exercise the functions of their
office.   The designation of the justice with whom the
dockets, etc., are to be deposited can not be regarded as
the designation of a successor in office in the legal sense,
as the justice thus designated need not necessarily be the
one elected or appointed as successor, but may be any
justice of the peace of the city, the object of the provi-
sion undoubtedly being, not to furnish a successor to the
justice going out of office, but to provide a convenient
and proper depositary in which the docket, etc., of the
outgoing justice may be placed for safe keeping and for
future reference and use.

Whatever may have been the situation, as affecting the
defendants, prior to May 1, 1893, we think it clear that
at that date the five persons who had been appointed by
the Governor as justices of the peace in and for the town
of Lake became and were the legal successors of the five
persons, including the defendants, who were elected to
that office in April, 1889.   On the first Monday in May,
1893, the defendants' title to their office expired by lapse
of time, and from that time they were not even officers

*de facto,* but were mere usurpers, without even the color of office. The judgment of the court finding them guilty and ousting them from the office which they were thus usurping was therefore clearly right.

.It is finally urged, with much earnestness, that even admitting the defendants' guilt, the fines of $1000 each imposed upon them by the trial court are excessive. We have given the suggestions of counsel upon this point mature consideration, and have reached the conclusion that we ought not to interfere with the measure of punishment. It should be remembered, as we have already seen, that the defendants, while assuming to act as justices of the peace after the expiration of the terms of their office, did so wholly without color of office, so that their official acts, unlike those of officers *de facto* and not *de jure,* are merely void. It is difficult to estimate the harm that may have been done to individuals and to the public by their assuming to perform judicial and other official acts, such as the rendition of judgments, the taking of acknowledgments of deeds and the celebration of marriages,—acts upon which individuals and the public have been induced to place reliance, but which, as is probable, must be held to be simply void. Those who thus assume to perform important official acts without color of authority assume a grave responsibility, for which they should be held strictly accountable, and when the disastrous consequences of their acts to those directly and indirectly affected thereby are taken into consideration, we are unable to say that their punishment is too severe.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*