THE CITY OF CHICAGO, Defendant in Error, vs. JOHN E. KNOBEL, Plaintiff in Error.

*Opinion filed December 17, 1907—Rehearing denied Feb. 6, 1908.*

1. ACTIONS AND DEFENSES—*suit to recover penalty for violation of an ordinance is a civil suit.* A proceeding by a city to recover a penalty for violation of an ordinance is not a criminal proceeding but a civil suit.

2. CONSTITUTIONAL LAW—*petit jurors for municipal court are properly drawn from body of county.* Section 25 of the Municipal Court act, requiring petit jurors for the municipal court of Chicago to be drawn from the body of the county instead of from the city of Chicago, does not violate sections 5 and 9 of article 2 of the constitution, relating to trial by jury, since the practice of drawing jurors from the body of the county for courts of record preserves inviolate the right of trial by jury.

3. SAME—*it is not improper to require county to bear part of expenses for juries for municipal court.* The provision of section 25 of the Municipal Court act making the county of Cook bear part of the expense for juries for the municipal court of Chicago, does not deprive residents of the county outside the city of their property without due process of law, nor does it violate sections 9 and 10 of article 10 of the constitution, concerning taxation. (*People v. Stookey,* 98 Ill. 537, explained.)

4. ORDINANCES—*what is admissible in prosecution for violating smoke ordinance.* In a suit by a city against the manager of an office building for violation of a smoke ordinance, proof that the building was equipped with a heating plant of the most approved type, and that the owner of the building had done all that human skill could devise to prevent smoke escaping from the stack, should be admitted for the consideration of the jury, to guide them in fixing the penalty.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding.

EDWARD B. ESHER, for plaintiff in error.

GEO. H. WHITE, City Prosecuting Attorney, (J. KENT GREENE, and HENRY M. SELIGMAN, of counsel,) for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a proceeding brought by the city of Chicago against plaintiff in error in the municipal court of Chicago for the recovery of a penalty for the violation of the "smoke ordinance." Trial was had before a jury and judgment and verdict rendered for $300 and costs. The plaintiff in error moved for a new trial, which the court overruled. Thereupon he prayed an appeal to this court, which was denied, and a writ of error was then sued out from this court.

It appears that the plaintiff in error is manager of an eighteen-story office building located on Madison street, in Chicago, known as the Heyworth building. One of the deputy smoke inspectors for the city testified that on a number of occasions each day for three days in February, 1907, in the course of his official duties he observed dense smoke coming from the smoke-stack of the building. This, with some evidence from the chief smoke inspector as to the routine of his office, and the reading of the ordinance, constituted substantially the city's case.

Plaintiff in error insists that section 25 of the Municipal Court act of the city of Chicago (Hurd's Stat. 1905, p. 644,) is unconstitutional, in that it requires that the petit jurors for the trial of cases in the municipal court shall be provided by the jury commissioners of Cook county in the same manner and from the same lists, as near as may be, as petit jurors are for the circuit, superior and criminal courts of that county, instead of providing that such jurors should be drawn only from within the limits of the city of Chicago. The claim is that this provision is in conflict with that part of section 5 of article 2 of the constitution which reads, "The right of trial by jury as heretofore enjoyed shall remain inviolate," and section 9 of the same article, which provides that the accused in all criminal prosecutions shall have a right to trial by an impartial jury "of the county or district in which the offense is alleged to have been committed."

232—8

We think it is clear that this action, being one to recover a penalty for violation of a city ordinance, is not a criminal prosecution but a civil suit; that such a penalty could not be recovered in criminal proceedings. (*Hoyer* v. *Town of Mascoutah,* 59 Ill. 137; *Ewbanks* v. *Town of Ashley,* 36 id. 177; *Town of Jacksonville* v. *Block,* 36 id. 507; *Baldwin* v. *City of Chicago,* 68 id. 418; *Town of Partridge* v. *Snyder,* 78 id. 519.) This being so, said section 9 of article 2 cannot be here invoked. However that may be, under the common law, in both civil and criminal cases, the jury were to be taken from the *visne* or neighborhood,— from among the neighbors and equals of the litigants or the accused,—and by long usage this came to mean from the *body of the county.* (2 Sharswood's Blackstone's Com. book 3, *360-379; 17 Am. & Eng. Ency. of Law,—2d ed.— p. 1120;. Proffatt on Jury Trial, sec. 80; *Watt* v. *People,* 126 Ill. 9.) The rule seems to have been considered more important as applying to criminal than to civil trials. (2 Sharswood's Blackstone's Com. book 4, *349.) This difference in the enforcement of the rule between the two classes of cases is seen in our own State in allowing a change of venue. In criminal cases change of venue can only be had at the request or by consent of the accused, while in civil cases either party, if he brings himself within the provisions of the statute, may have a change of venue from the county. In this State the question seems to have been raised only in criminal cases, and it has been held that the word "district," as to such cases, means "county."

In *Miller* v. *People,* 183 Ill. 423, this court held that a grand jury, under the City Court act, should be drawn from the body of the county and not from within the limits of the city in which such city court had jurisdiction. Under the recent decision of *Miller* v. *People,* 230 Ill. 65, this court, in considering the constitutionality of another section of the Municipal Court act of the city of Chicago, held that the court provided for under that act was substantially the

same, in jurisdictional features, as the courts held under the City Court act. Comparing the reasoning of this last decision with that found in *Ladies of Maccabees* v. *Harrington,* 227 Ill. 511, it is obvious that any claim that courts under the City Court act (Hurd's Stat. 1905, p. 631,) and the Municipal Court act of the city of Chicago, now under consideration, have different powers, under the constitution, as to the selection of grand or petit jurors, cannot be upheld. While the case of *Miller* v. *People, supra,* (in 183 Ill.) only discusses the question as to the grand jury of the city court, manifestly the reasoning in that decision is decisive of the question here under discussion. While the service of original process for the commencement of suits under both of these laws is confined to the city limits wherein such court is located, it has been held that such court could send its process beyond the city limits to serve a juror, and that when jurisdiction of the cause once attached, the court might issue process beyond the limits of the city to enforce any judgment. (*People* v. *Barr,* 22 Ill. 241; *Reid* v. *Morton,* 119 id. 118.) Not only by the common law but by the practice in this State the rule is well established that jurors in courts of record can be legally drawn from the body of the county. This practice preserves the right of trial by jury as enjoyed before the present constitution was adopted, and therefore does not violate sections 5 and 9 of article 2 of the constitution. The cases of *Weyrich* v. *People,* 89 Ill. 90, and *Buckrice* v. *People,* 110 id. 29, do not in any way conflict with this conclusion.

It is also urged that said section 25 of the Municipal Court act of the city of Chicago is unconstitutional because it provides that the expense of summoning the jurors by the sheriff of Cook county shall be paid by the county, and because the county pays the expenses of the jury commissioners' office in drawing the jurors for the municipal court; that as the municipal court has been created and is maintained solely for the convenience of and in the interests of

the people of the city of Chicago, the city of Chicago should bear the entire expense; that to provide otherwise is in violation of section 2 of article 2 of the constitution, in that it deprives the tax-payers of the county outside of the city of their property for the purpose of paying these taxes without due process of law, and is also in violation of sections 9 and 10 of article 9 of the constitution, which govern the method of levying and collecting taxes in and by municipal corporations. The question then is whether these provisions of the constitution apply to the taxation by the county government.

In *Harris* v. *Board of Supervisors*, 105 Ill. 445, this court said (p. 451) : "Counties are mere political divisions of the territory of the State, as a convenient mode of exercising the political, executive and judicial powers of the State. They were created to perform public, and not private, functions. They are wholly public in their character and are a portion of the State organization. All their powers are conferred and duties imposed by the constitution and statutes of the State."

In *People* v. *Power*, 25 Ill. 169, this court, in discussing the division of the revenue for certain purposes between the city of Springfield and the county of Sangamon, said (p. 174) : "The revenues of a county are not the property of the county in the sense in which the revenue of a private person or corporation is regarded. The whole State has an interest in the revenue of a county, and for the public good the legislature must have the power to direct its application. The power conferred upon a county to raise a revenue by taxation is a political power, and its application, when collected, must necessarily be within the control of the legislature, for political purposes." (See, also, to the same effect, *Marion County* v. *Lear*, 108 Ill. 343.) In this last case it was held that a county is a public corporation, which exists only for public purposes, and "it and its revenues are alike, where no express constitutional restriction is found to the

contrary, subject to legislative control." The following authorities, among many others, support the above conclusions: *People* v. *Raymond,* 186 Ill. 407; *Heffner* v. *Cass and Morgan Counties,* 193 id. 439; *Raymond* v. *Hartford Fire Ins. Co.* 196 id. 329.

It is urged that this court held in *People* v. *Stookey,* 98 Ill. 537, that such a division of expenses for the city courts between the city and county was unfair and unjust to the tax-payers of the county. What was said in that case on this question was not necessary for the decision of the question there involved. The court was discussing the construction of certain statutes as to the division of expenses between the county and city under the City Court act and not the constitutionality of the payment of these expenses by either the city or the county, and the part of the decision that is relied on by plaintiff in error was manifestly put into the opinion to explain why the court reached the conclusion that the statute should be construed so that the fees of the grand and petit jurors should be paid out of the city treasury, and not, as now, out of the county treasury. The City Court act at that time required the fees of jurors to be paid out of the city treasury and not from the county treasury. Under that act the expense of juries was then divided on the same basis between the city and county as it is now under this Municipal Court act. The reasoning of that decision would tend to uphold, and not to overthrow, the constitutionality of the Municipal Court act in this regard. This court in *People* v. *Power, supra,* said (p. 174): "This act of the legislature nowhere proposes to take from the county of Sangamon and give to the city of Springfield any property belonging to the county or revenues collected for the use of the county. But if it did it would not be objectionable."

It requires no extended investigation into this Municipal Court act to see that many of the duties heretofore performed in the city of Chicago by the State courts are now performed, under this act, by the municipal court. The

State is interested in the enforcement of laws in all parts of its territory. The necessity for such enforcement in incorporated towns, and especially in large cities, for the good of the State, is certainly as vital as in the unincorporated territory. On the principle of commutation discussed in *People* v. *Stookey, supra,* and *Wetherell* v. *Devine,* 116 Ill. 631, as to a fair division of the expenses between the county and city governments, said section 25 of the Municipal Court act must be upheld. The results arising from the enforcement of the laws within our large cities are so closely interwoven with the well-being of the city, county and State governments, that it would be somewhat difficult on a question of this kind, based upon the proportionate amount which should fairly be paid by each, to hold a division of expenses between the city, county and State unconstitutional. We do not think the constitutional provisions relied on are in any way infringed by the apportionment of expenses between the county and city governments.

This case was brought direct to this court because of the constitutional questions involved, and therefore we have discussed these questions at considerable length. For the reasons heretofore stated there is no cause for reversal on these grounds, but the case must be reversed upon other grounds.

This was a proceeding by the city of Chicago to collect a penalty for failure to observe section 2213 of the municipal code of Chicago, which reads in part: "Any person * * * in charge or control of any * * * building or premises, who shall cause or permit the emission of dense smoke within the city from the smoke-stack or chimney of any * * * building or premises so owned, controlled or in charge of him, * * * except for a period of six minutes in any one hour during which the fire-box is being cleaned out or a new fire being built therein, shall be deemed guilty of a violation of this ordinance, and upon conviction thereof shall be fined not less than $10 nor more than $100

for each offense; and each day of such emission of dense smoke shall constitute a separate offense." The charge was that this section had been violated on three separate days by plaintiff in error, and the jury found the charge proven and assessed the highest damages for each offense, or $300.

Plaintiff in error offered, on the trial, evidence tending to show that the plant used for heating the building was of the most approved type and that the owner had done all that human skill could devise to prevent smoke from escaping from the stack, and contends that such testimony should have been admitted for what it was worth,—not for the purpose of defeating recovery, but in mitigation of the penalty. The contention of defendant in error on this point is summarized by the following statement in its brief: "Smoke ordinances are proper and reasonable for the enforcement of public health. In such cases it is not sufficient for the defendant to come into court and say, 'I am doing all I can to keep my chimneys from emitting dense smoke.' He must show that his chimneys do not emit dense smoke."

This court held in *Morton* v. *Town of Princeton,* 18 Ill. 383, that where a town ordinance made it a penal offense to ride or drive a horse furiously along a public street, the motive of the person so driving was proper for the consideration of the jury, where discretion is allowed in fixing the punishment. Such evidence may be admitted in mitigation of a discretionary fine or penalty. (3 Greenleaf on Evidence,—Lewis' ed.—sec. 187; *People* v. *Cochran,* 2 Johns. Cas. 73.) The reasoning of the opinion in *Becker* v. *People,* 156 Ill. 301, tends to support this rule. The evidence offered by the plaintiff in error to show circumstances under which the alleged violation complained of was committed, and as to whether the plaintiff in error had done all that could be practically done in installing a high grade plant, should have been admitted for the consideration of the jury to guide them in fixing the penalty assessed.

In view of the fact that this case must be reversed it is unnecessary for us to discuss the questions raised in the briefs which have not been heretofore considered.

For the error indicated in not admitting proper evidence offered by plaintiff in error, the judgment will be reversed and the cause remanded to the municipal court of the city of Chicago for further proceedings in conformity to law.

*Reversed and remanded.*