**City of Chicago, Defendant in Error, v. George W. Streeter, Plaintiff in Error.**

**Gen. No. 14,897.**

1. CRIMINAL LAW—*what civil action.* An action to recover a penalty for violation of a municipal ordinance is not a criminal prosecution but a civil suit.

2. ORDINANCES—*what not essential to sustain conviction for vio-*

*lation.* It is not necessary that the proof show the defendant guilty of violating all the provisions of an ordinance in order to sustain a conviction charging him with its violation; it is enough if the proof shows its material violation.

3. APPEALS AND ERRORS—*when errors in procedure will not reverse.* Technical errors in procedure which produce no harmful result will not work a reversal.

Action of debt. Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed January 24, 1910. Rehearing denied February 21, 1910.

E. M. SEYMOUR and SAMUEL C. HERREN, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The defendant Streeter complains of a judgment against him in an action of debt brought to recover a penalty for violation of section 1454 of the Revised Municipal Code of the city of Chicago. The Municipal Court found—a jury having been waived—that the defendant "owes to the city of Chicago $150 debt," entered judgment accordingly for that sum with costs, and ordered that "said George W. Streeter be sent to the House of Correction and be therein confined to work out said fine and costs at the rate of fifty cents per day; provided such imprisonment shall not exceed six months." The complainant charges among other things that the defendant on the 7th day of July, 1908, "did make, aid, countenance and assist in making an improper noise, riot, disturbance, breach of the peace and diversion tending to a breach of the peace" and that he "was engaged in or aided or abetted a fight, quarrel or other disturbance." The complaint was sworn to by the police officer by whom it was made.

The testimony of the complaining witness tends to

prove that he was a special police officer, duly licensed by the city of Chicago by special permit; that he was employed to guard the property of one Henry N. Cooper and others located on the lake front upon the north side of the city of Chicago in the vicinity of Pearson, Chestnut and other streets; that on or about July 7, 1908, the defendant Streeter came to him while he was on the property of said Cooper and said, "I own all this property and I have served notice on the Lincoln Park Commissioners to vacate. I also will notify all people to get out and leave this land. I give you notice to leave;" and that he ordered the witness off; that Streeter was then ordered by the witness, who told Streeter that he, the witness, was a policeman, to move on; that Streeter refused and was again ordered to move on and again refused, using violent and threatening language; that he said "I will kill you if you don't get off my property;" that the witness then placed him under arrest; that before speaking to witness the defendant Streeter, in witness' presence, had ordered workmen employed by a construction company to leave, as they were trespassing on his property. There is testimony also by a park officer to the effect that defendant came to him and ascertaining that the witness was an officer of the park said that he, the defendant, had served the officer's superiors with notice to vacate the premises and would tell him the same. There was further testimony to the effect that defendant Streeter had been "a common disturber in and about the premises for twenty years."

The defendant's attorney moved to set aside the judgment, and urges that the motion was improperly denied. We are unable to concur in this view, nor in the reasoning upon which it is based. The complaint is in the language of the ordinance. The action is to recover a penalty and "is not a criminal prosecution but a civil suit." "Such a penalty could not be recovered in criminal proceedings." City of Chicago v.

Knobel, 232 Ill. 112; City of Chicago v. Kenney, 35 Ill. App. 57-64. It is not necessary that the proof should show the defendant guilty of violating all the provisions of the ordinance in order to sustain a complaint charging defendant with its violation. It is enough if the proof shows its material violation. The use of unprovoked and violent language to a police officer, threatening to kill him if he does not abandon premises he has been set to guard, on the ground that the defendant—not having possession—chooses to make claim to the property himself, is certainly conduct liable to provoke a "breach of the peace" and is at least a "diversion tending to a breach of the peace" and calculated to promote a "quarrel or other disturbance" within the meaning of the ordinance. There is evidence tending to support the findings of the court, which had the witnesses before it and heard the testimony. That there was some improper testimony admitted may be true, but the admission of improper evidence is not assigned for error.

The fact that this is not a criminal prosecution, as defendant's attorney seems to suppose, makes it unnecessary to consider objections to the judgment and authorities cited in support of such objections based on such erroneous supposition.

It is urged that the fine is excessive. It may be that a smaller fine would have been adequate, but threats to kill an officer made under circumstances such as the evidence discloses are by no means light offenses, and no sufficient reason appears justifying interference on our part with the discretion in this respect vested in the court below. There may be some technical errors in procedure, but none apparently harmful to the defendant.

The judgment of the Municipal Court must be affirmed.

*Affirmed.*