**City of Chicago, Defendant in Error, v. J. W. Shreffler, Plaintiff in Error.**

**Gen. No. 16,855.**

1. MUNICIPAL CORPORATIONS—*nature of action on ordinance.* An action by a city to recover a penalty for the violation of an ordinance is a civil suit.

2. MUNICIPAL CORPORATIONS—*complaints in action on ordinance may be amended.* An action by a city to recover a penalty for resisting a police officer, in violation of Municipal Code of Chicago, § 1772, being a civil action, the complaint may be amended while a motion for a new trial is pending and being heard.

3. Municipal corporations—*sufficiency of complaint for violating ordinance.* A complaint for resisting a police officer in violation of Municipal Code of Chicago, § 1772, is sufficient if the offense is set forth substantially in the language of the ordinance; it is neither necessary nor proper to plead the evidence.

Error to the Municipal Court of Chicago; the Hon. Edwin K. Walker, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

R. E. Cantwell, for plaintiff in error.

George H. White, for defendant in error; Henry M. Seligman, of counsel.

Mr. Justice Baume delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the Municipal Court against plaintiff in error for $50, debt, for the violation by him of section 1772 of the Revised Municipal Code of Chicago, which judgment was predicated upon the verdict of a jury.

The original complaint filed July 5, 1910, and verified by John Tracy, a police officer, charged plaintiff in error with the entire catalogue of offenses enumerated in said section 1772, including the offense of resisting an officer in the discharge of his duty. When the case came on for trial on August 4, 1910, the complaint was amended by leave of court, and as so amended charged that plaintiff in error at the City of Chicago did resist an officer of said city, while in the discharge of his duty, in violation, etc. On August 13, 1910, after verdict and while a motion for a new trial was pending and on hearing leave was given defendant in error to file an amended complaint charging that plaintiff in error on July 5, 1910, did resist John Tracy, who was then a police officer of the City of Chicago, while he was in the act of arresting plaintiff in error for disorderly conduct, etc.

It is insisted that the complaint, as originally filed

and as first amended at the hearing, was fatally defective and insufficient, and that defendant in error was improperly permitted to file an amended complaint after verdict and before judgment. The argument of plaintiff in error proceeds upon the erroneous theory that this was a criminal proceeding. An action by a city to recover a penalty for the violation of an ordinance is a civil suit and not a criminal proceeding. City of Chicago v. Knobel, 232 Ill. 112; City of Chicago v. Streeter, 152 Ill. App. 463.

In the exercise of its sound judicial discretion a court is authorized to allow amendments to be made in a civil suit at any time before final judgment. Rev. Stat. 1911, Chap. 7, sec. 2, and Chap. 110, sec. 39; Harrison v. People, 81 Ill. App. 93. There was no abuse of such judicial discretion in this case.

The offense charged was set forth in the complaint substantially in the language of the ordinance. It was neither necessary nor proper to plead the evidence.

There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*