THE PEOPLE *ex rel.* Gustavus A. Shallberg, Petitioner, *vs.* CHARLES V. JOHNSON, City Clerk of the City of Moline, Respondent.

*Announced orally February 5, 1915.*

ELECTIONS—*when city election in cities under the commission form of government should be held.* The proviso to section 9 of article 13 of the Cities and Villages act, relating to municipal elections in cities under the commission form of government, that in cities which include wholly within their corporate limits a town or towns such election shall be held on the first Tuesday in April, does not apply to a city which includes within its corporate limits the whole of one town and part of another but only to a city where the limits of the town and city are co-extensive, and in the former case the general provision of such section fixing the third Tuesday in April for the municipal election applies.

ORIGINAL petition for *mandamus.*

G. A. SHALLBERG, JAMES F. WITTER, and J. T. & S. R. KENWORTHY, for petitioner.

JAMES M. JOHNSTON, for respondent.

Mr. CHIEF JUSTICE CARTWRIGHT announced the opinion of the court:

At a former day of this term leave was given to file a petition for *mandamus* and the petition was filed. Respondent entered his appearance and demurred to the petition and the cause was submitted for decision on the demurrer.

The facts alleged are, that the city of Moline, on January 3, 1911, adopted the commission form of government provided for in article 13 of the Cities and Villages act and held the first quadrennial election on the first Tuesday in April, 1911, at a time when the corporate limits of the city of Moline were co-extensive with the corporate limits of the town and township of Moline; that since that time the city of Moline has extended its corporate limits by annexing a portion of the town of South Moline, lying south and east of the town of Moline, so that the city now includes the township of Moline and a part, but not all, of the township of South Moline. The prayer of the petition is that the court command the respondent, as city clerk, to give notice of a primary election to be held the last Tuesday in February, and also give notice of a city election to be held on the first Tuesday in April.

Section 9 of article 13 of the Cities and Villages act, providing for the commission form of government, fixes the third Tuesday of April for the municipal election, but provides that in cities which include wholly within their corporate limits a town or towns such election shall be held on the first Tuesday in April. The question to be determined is whether a city which includes the whole of one town and part of another is included within the proviso, and we are of the opinion that it is not. In cases where the limits of a town and city are co-extensive, so that they

each include the same electors entitled to vote at the city and township election, it would serve the convenience of such electors to have the elections on the same day and would in no way interfere with their rights or privileges. It is apparent that this fact would influence the legislature in enacting the proviso in question, but to interpret the proviso as including a city having a town within its territory and part of another town would not serve the convenience of the electors, but, on the contrary, would seriously interfere with and impair their rights. We would not attribute such an intention to the legislature, which must have had in mind the fact that in such a case as the one presented here, voters might be entirely prevented from participating in the city election or could only do so by sacrificing material rights and privileges. It might happen that judges and clerks or other election officials in the town of South Moline would reside in that part of the town included in the city, and being required to attend the town election in South Moline would be prevented from exercising their right to vote in the city. There very likely would be candidates for town officers residing within the same territory or voters particularly interested in the selection of town officers or the determination of questions submitted at the town election, and to construe the proviso as contended for by the petitioner would make it an instrument of oppression if it could be held valid. We think the reasonable interpretation of the legislative intent is that the cities referred to in the proviso are such as embrace within the municipality the whole of a town or towns, and that the word "wholly" must be given that meaning.

The writ is denied.                    *Writ denied.*