The People *ex rel.* The City of Moline, Petitioner, *vs.*
Charles Brunstrom, Respondent.

*Opinion filed June 22, 1916.*

1. Constitutional law—*subdivision 16 of section 3 of article 4
of Township Organization act is pertinent to said section.* Subdivision 16 of section 3 of article 4 of the Township Organization
act, added in 1915, which authorizes the electors to transfer township funds to a city or village where the town lies wholly within
the limits of such city or village, is pertinent to the other subdivisions of said section and in line with the other objects and purposes thereof.

2. Same—*title of act need not be a detailed index of its contents.* The title of the act of 1915, adding subdivision 16 to section 3 of article 4 of the Township Organization act, complies with
section 13 of article 4 of the constitution, as the title of an act need
not be a detailed index or statement of its contents, nor need the
subject of the act be specifically and exactly expressed in the title.

3. Same—*amendment of 1915 to section 3 of article 4 of Township Organization act is not class legislation.* Subdivision 16 of
section 3 of article 4 of the Township Organization act, added in
1915, applies to all cities, villages and towns similarly situated and
to all towns in the State which are situated wholly within the limits of incorporated cities or villages, and is not class legislation.

4. Same—*legislature has power to direct application of revenue of municipal corporations.* The legislature has power to direct
the application of the revenue of municipal corporations and had
power to enact subdivision 16 of section 3 of article 4 of the Township Organization act, authorizing the electors in a town lying
wholly within the limits of an incorporated city or village to transfer township funds from the treasury of the town to the treasury
of the city or village, to be used for constructing or repairing roads
and bridges.

5. Municipal corporations—*amendment of section 3 of article 4 of the Township Organization act in 1915 did not repeal said
section.* The amendment, in 1915, of section 3 of article 4 of the
Township Organization act by adding subdivision 16 did not repeal section 3 as it existed before the amendment but re-enacted
all of the other subdivisions of said section, and the exceptions
mentioned in section 4 of said article 4 still apply.

6. Same—*amendment of 1915 not limited to cases where limits of town and city or village are co-extensive.* Subdivision 16 of
section 3 of article 4 of the Township Organization act, added in

1915, applies wherever a town lies wholly within the limits of an incorporated city or village, and is not limited to cases where the limits of the town are co-extensive with those of the city or village. (*People* v. *Johnson*, 266 Ill. 357, distinguished.)

ORIGINAL petition for *mandamus*.

JAMES M. JOHNSTON, and ANDREW OLSON, for petitioner.

SHALLBERG & HARPER, for respondent.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Pursuant to leave granted, this petition for *mandamus* was filed in this court on the relation of the city of Moline. Respondent entered his appearance and demurred to the petition, and by stipulation the cause was submitted for final decision on the demurrer.

It is averred in the petition that the city of Moline is a municipal corporation organized under the City and Village act, approved April 10, 1872, and is also under the commission form of municipal government, as provided by the act approved March 9, 1910; that there is included within the corporate limits of the city of Moline all of the town of Moline and a portion, but not all, of the town of South Moline, the same being the town lying immediately to the south and east of and adjoining the town of Moline. The petition also avers that the General Assembly of the State of Illinois, by an act approved June 23, 1915, in force July 1, 1915, amended section 3 of article 4 of an act entitled "An act to revise the law in relation to township organization," by adding thereto a subdivision designated as subdivision 16, wherein it is provided as follows: "In towns wholly within the limits of an incorporated city or village, the electors shall have power to transfer any money in the treasury of the town to the treasury of such city or

village, to be used by said city or village in its corporate capacity for the purpose of constructing or repairing roads, bridges, approaches or causeways, over which it has control, supervision and jurisdiction, and to give full power and authority to expend any money in the treasury which it has to the credit of the township for the purposes herein designated, as may be decided by the electors or by its said board,"—which law is now in force; that at a town meeting of the electors of the town of Moline duly held on the first Tuesday of April, 1916, a resolution was duly passed and adopted as follows:

"*Be it resolved,* That the supervisor of the town of Moline, Illinois, is hereby instructed to transfer the sum of twelve thousand ($12,000) dollars from the treasury of the town of Moline, Illinois, to the treasury of the city of Moline for the purpose of constructing or repairing roads, bridges, approaches or causeways entirely within the town of Moline.

"*Be it further resolved,* That the commissioner of accounts and finances of the city of Moline be required to file a sworn statement showing disbursements of the said sum of twelve thousand ($12,000) dollars at the next town meeting."

It is further averred that the respondent, the supervisor of the town of Moline, has in his possession, as such supervisor, the funds of the said town, amounting to more than $16,000, and that no part of the $12,000 is or may be required by the town board of the town of Moline for the payment of any indebtedness for town purposes; that demand was made by the proper officers of the city of Moline upon the respondent to transfer said sum of $12,000 to the treasury of the city of Moline, and that he has refused, and still refuses, to comply with said demand.

The respondent contends that section 3 of article 4, chapter 139, as amended by the General Assembly in the manner above set out, is unconstitutional and void for the following reasons: That subdivision 16 of section 3 as amended is not germane to said section 3, is not pertinent to the matters contained therein, and does not tend to pro-

mote the object and purpose of said section 3 or of said act to which it belongs; that the amendment to said act in question contravenes section 13 of article 4 of the constitution; that the title of the act is, "An act to revise the law in relation to township organization," and this amendment, by adding subdivision 16 to section 3 of said act, refers to the transfer of funds and is not germane to or included in the title of said act; that the act is a special act and is not general in its terms or uniform in its operation. It is also contended that the act is unconstitutional because the General Assembly has no power to take from the treasury of a town funds belonging to said town and transfer the same to the treasury of a city, and because it merely amends section 3 of article 4 of an act entitled "An act to revise the law in relation to township organization," approved and in force March 4, 1874, by adding thereto subdivision 16, without also referring to the amendments made to said act; that the law, by amending section 3 so as to read as therein set forth, repeals section 3 as it existed before the date of the new law, and therefore section 4 of article 4 of said act is necessarily repealed in so far as it excepts certain subdivisions of section 3, as said section 3 has been repealed, and therefore all the duties imposed on township organizations under section 3 now apply to the town of Moline; that the legislature has prescribed certain duties to be performed by the town of Moline and at the same time has taken away its funds wherewith to perform these legal duties, and by said act has rendered the town powerless to perform its functions as a township. It is further contended that if the court should hold the act to be constitutional, yet it does not apply to the town of Moline because the act expressly provides for "towns wholly within the limits of an incorporated city or village," and within the limits of the city of Moline are embraced the whole of the town of Moline and a portion, but not the whole, of the town of South Moline; that the legislature did not intend

274 − 5

that 'this act should apply in any case except where the boundaries of the town or towns are co-extensive with the boundaries of a city or village.

As to the first series of objections to the act, a reading of the entire section 3 of article 4 as it was prior to the amendment in question of 1915 will show that it provides what shall be done by the electors present at the annual town meeting, and names fifteen different subjects, numbered from 1 to 15, on which they have power to act. Certain of these directly refer to the improvement and control of the highways within the town and the consequent expenditure of the funds of the town thereon, and the amendment in question deals directly with the same matters as the other provisions of that section, is pertinent thereto and is in line with the other objects and purposes of said section.

The title of the act in full is, "An act to amend section 3 of article 4 of an act entitled 'An act to revise the law in relation to township organization,' approved and in force March 4, 1874." Section 1 of the new act provides "that section 3 of article 4 of an act entitled, 'An act to revise the law,' * * * be amended to read as follows:" Then follows section 3 as originally enacted, with the new subdivision, numbered 16, added. The subject of the act need not be specifically and exactly expressed in the title. (*People* v. *Commercial Life Ins. Co.* 247 Ill. 92.) The title need not be a detailed statement, abstract or index of the contents of the act. *People* v. *Hazelwood,* 116 Ill. 319; *Commissioners of Lincoln Park* v. *Fahrney,* 250 id. 256.

The act is not in contravention of section 13 of article 4 of the constitution. There can be no question that it applies to all cities, villages and towns similarly situated, and to all towns in the State which are situated wholly within the limits of cities and incorporated villages, so it is not class legislation.

As to the other constitutional objections, it has been held that the legislature has the power to direct the ap-

plication of revenues of public corporations. (*People* v. *Power*, 25 Ill. 169.) The decision in that case was followed in *Board of Supervisors* v. *City of Lincoln*, 81 Ill. 156, and was cited with approval in *Heffner* v. *Cass and Morgan Counties*, 193 Ill. 439, which case involved questions similar in principle, and in which it was held that it was within the power of the legislature to authorize drainage commissioners to remove bridges from public roads, when necessary for the construction of ditches, without payment of damages to the county which constructed the bridges, and that it was not in violation of sections 9 and 10 of the constitution to require the cost of a new bridge to be paid from the public revenues of the county. As was said in the opinion in that case, on page 452: "Public highways, and bridges on them, do not belong to the counties or towns which construct them but are held by them in trust for the entire public. (Elliott on Roads and Streets, 34.) Public corporations, like counties and towns, being subdivisions of the State for governmental purposes, are really a part of the State government, and their authorities are charged with certain duties, which may be changed, enlarged or diminished by the General Assembly by general law, subject, of course, to any restriction imposed by the constitution." To the same effect is *City of Chicago* v. *Knobel*, 232 Ill. 112, and cases cited on page 117 of the opinion.

It is also claimed that the law as amended is unconstitutional because it merely amends section 3 of the act of 1874 without referring to the amendments made to said act. It appears that there has been no change in section 3 of article 4 of the Township Organization law from the time it was incorporated into the revision of the statutes of 1874 until the amendment of 1915 in question. The title could not refer to any amendments of that section when no amendments had ever been made. The title of the act is, not to revise the law in regard to township organization,

but, as heretofore stated, is "An act to amend section 3 of article 4 of an act entitled, 'An act to revise the law in relation to township organization,' approved and in force March 4, 1874." (Laws of 1915, p. 726.)

It is also claimed that the manner in which section 3 was amended amounts to a repeal of section 3 as it existed prior to the amendment, and that therefore section 4 of article 4, following said section 3 and which excepts certain provisions of section 3, is necessarily repealed, so that all the duties imposed on township organizations by section 3 are in force, and the town should have the fund with which to perform such duties. Counsel, however, have overlooked the provision of section 2 of chapter 131, entitled "Statutes," (Hurd's Stat. 1913, p. 2379,) which provides as follows: "The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions, and not as a new enactment." The amendment of section 3 was made by re-enacting all of the provisions of said section 3 as they were, and by adding another subdivision to the fifteen already enumerated and numbering the new subdivision 16. Consequently, by reason of the provision of section 2 of chapter 131 the exceptions mentioned in section 4 of article 4 still apply.

It is also contended that even if the law is held constitutional it should be construed as only applying in cases where the limits of the town are co-extensive with the limits of the city. The terms of the act, of the meaning of which there can be no mistake, expressly provide for the case of towns which are situated wholly within the limits of a city. The case of *People* v. *Johnson,* 266 Ill. 357, cited in support of this contention, arose on a different question, and it was held that section 9 of article 13 of the Cities and Villages act, providing for the commission form of government, and also providing that in cities which include within their corporate limits a town or township the municipal

election should be held on the first Tuesday of April, did not apply to the city of Moline, the relator in this case, for the reason that that city included within its limits not only the town of Moline but also a part of the town of South Moline, and that it would interfere with the rights of the electors and the election officers who might happen to reside in the city of Moline and also in the town of South Moline by compelling them to attend at two elections on the same day in order to vote, and would also prevent the electors from giving their attention to matters in which they might be interested and coming up at the town election and the city election, where both elections were held on the same day.

In any event, the resolution which was adopted at the town meeting provided that the money it was voted to turn over to the city should be spent within the limits of the town. The only object of the provision in question and of the action taken by the electors of the town of Moline pursuant thereto at the annual town meeting was to provide for what in their judgment would be a more efficient expenditure of the money of the town on the roads, bridges and causeways which are included both within the town and within the city, and in which the electors of the town, as residents and electors within the city, were equally interested. There have been many similar amendments to the Township Organization law, which have been deemed necessary in view of the extension of the boundaries of cities and consequent conflict of authority over roads and public property which are subject to the control of both town authorities and city authorities. The law in question was evidently meant to govern such a case and to give the electors the right to exercise their judgment as to the proper expenditure of public funds. Such funds are spent for their benefit and the benefit of the public at large in any event, whether they are spent by the city authorities or town au-

thorities, as in this case they are all to be expended within the limits of both the town and city.

Perceiving no reason why the law should be held unconstitutional and invalid, it is ordered that the writ be awarded.                    *Writ awarded.*